# Matter of Pedro Josue JIMENEZ-CEDILLO, Respondent

*Decided April 6, 2017*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) A sexual offense in violation of a statute enacted to protect children is a crime involving moral turpitude where the victim is particularly young—that is, under 14 years of age—or is under 16 and the age differential between the perpetrator and victim is significant, or both, even though the statute requires no culpable mental state as to the age of the child. *Matter of Silva-Trevino*, 26 I&N Dec. 826 (BIA 2016), clarified.

(2) Sexual solicitation of a minor under section 3-324(b) of the Maryland Criminal Law with the intent to engage in an unlawful sexual offense in violation of section 3-307 is categorically a crime involving moral turpitude.

FOR RESPONDENT: Eduardo V. Gonzalez, Esquire, Salisbury, Maryland

FOR THE DEPARTMENT OF HOMELAND SECURITY: Carrie E. Johnston, Senior Attorney

BEFORE: Board Panel: PAULEY, MULLANE, and GREER, Board Members.

PAULEY, Board Member:

In a decision dated October 8, 2015, an Immigration Judge found the respondent removable under section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I) (2012), as an alien who has been convicted of a crime involving moral turpitude, and section 212(a)(6)(A)(i), as an alien who is present in the United States without being admitted or paroled. The Immigration Judge granted the respondent's request for voluntary departure with an alternate order of removal. The respondent has appealed from that decision. The appeal will be dismissed, and the respondent will be ordered removed from the United States.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico. On February 11, 2015, he was convicted of sexual solicitation of a minor in violation of section 3-324 of the Maryland Criminal Law, for which he was sentenced

to a term of imprisonment of 2 years, with 1 year and 6 months suspended. At a hearing before the Immigration Judge, the respondent conceded that he is removable under section 212(a)(6)(A)(i) of the Act but contested his removability under section 212(a)(2)(A)(i)(I) as an alien who has been convicted of a crime involving moral turpitude. The Immigration Judge found him removable on both grounds.

## II.  ANALYSIS

On appeal, the respondent contends that his conviction for sexual solicitation of a minor under Maryland law is not for a crime involving moral turpitude. The parties agree that section 3-324 of the Maryland Criminal Law is divisible and do not dispute that the respondent was convicted under the following provision at section 3-324(b):

> A person may not, *with the intent to commit a violation* of . . . § 3-307 of this subtitle . . . , *knowingly solicit a minor*, or a law enforcement officer posing as a minor, to engage in activities that would be unlawful for the person to engage in under . . . § 3-307 of this subtitle . . . .

(Emphases added.)  At the time of the respondent's offense, section 3-307(a) of the Maryland Criminal Law provided as follows:

> A person may not:
>   (1) (i)  engage in sexual contact with another without the consent of the other; and
>       (ii) 1.  employ or display a dangerous weapon, or a physical object that the victim reasonably believes is a dangerous weapon;
>         2.  suffocate, strangle, disfigure, or inflict serious physical injury on the victim or another in the course of committing the crime;
>         3.  threaten, or place the victim in fear, that the victim, or an individual known to the victim, imminently will be subject to death, suffocation, strangulation, disfigurement, serious physical injury, or kidnapping; or
>         4.  commit the crime while aided and abetted by another;
>   (2) engage in sexual contact with another if the victim is a mentally defective individual, a mentally incapacitated individual, or a physically helpless individual, and the person performing the act knows or reasonably should know the victim is a mentally defective individual, a mentally incapacitated individual, or a physically helpless individual;
>   (3) engage in sexual contact with another if the victim is under the age of 14 years, and the person performing the sexual contact is at least 4 years older than the victim;
>   (4) engage in a sexual act with another if the victim is 14 or 15 years old, and the person performing the sexual act is at least 21 years old; or
>   (5) engage in vaginal intercourse with another if the victim is 14 or 15 years old, and the person performing the act is at least 21 years old.

The respondent argues that his State statutes of conviction reach consensual sexual conduct and do not require that a violator possess any culpable mental state regarding the age of the victim. The Department of Homeland Security counters that although the Maryland law lacks these elements, the respondent's offense is a categorical crime involving moral turpitude because all violations of the statutes necessarily involve either a very young victim—that is, a child under 14 years of age—or a substantial age difference between an adult perpetrator and a minor victim under the age of 16. Whether sexual solicitation of a minor is a crime involving moral turpitude is a question of law that we review de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2016).

"The term 'moral turpitude' generally refers to conduct that is 'inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general.'" *Matter of Silva-Trevino*, 26 I&N Dec. 826, 833 (BIA 2016) (citation omitted). "To involve moral turpitude, a crime requires two essential elements: reprehensible conduct and a culpable mental state," including specific intent, knowledge, willfulness, or recklessness. *Id.* at 834; *see also Matter of Silva-Trevino*, 24 I&N Dec. 687, 689 n.1 (A.G. 2008).

To determine whether the respondent's offense is a crime involving moral turpitude, we employ the categorical approach, which requires us to examine the elements of the State statute of conviction, rather than the facts underlying the respondent's particular violation, and to see whether those elements categorically "fit[] within the generic definition of a crime involving moral turpitude." *Matter of Silva-Trevino*, 26 I&N Dec. at 831. "An element of a statute is what the 'prosecution must prove to sustain a conviction' and the jury must find beyond a reasonable doubt." *Matter of Kim*, 26 I&N Dec. 912, 913 (BIA 2017) (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016)).

When faced with a statute that does not categorically fit within the definition of a crime involving moral turpitude, we must consider whether the statute sets forth "multiple alternative elements" and is therefore divisible. *Matter of Silva-Trevino*, 26 I&N Dec. at 833 n.8 (quoting *Mathis*, 136 S. Ct. at 2249). If the statute is divisible, we may examine the record of conviction to "identify the statutory provision that the respondent was convicted of violating." *Id.* at 833. We may then consider whether that "*portion* of the statute is a categorical match to the federal generic definition." *Larios-Reyes v. Lynch*, 843 F.3d 146, 153 (4th Cir. 2016).

We conclude that the respondent's violation of sections 3-307(a) and 3-324(b) is categorically a crime involving moral turpitude. Section

3-324(b) requires that a violator "knowingly solicit a minor,"[1] a culpable mental state that fits within the generic definition of a crime involving moral turpitude. *See Matter of Silva-Trevino*, 26 I&N Dec. at 828 n.2, 834.

Further, moral turpitude inheres in all violations of section 3-307. Sections 3-307(a)(1) and (2) necessarily involve sexual contact with a victim whose lack of consent is either explicit or implicit. *See Travis v. State*, 98 A.3d 281, 293 (Md. Ct. Spec. App. 2014). It is well settled that such crimes are turpitudinous. *See Matter of Z-*, 7 I&N Dec. 253, 254–55 (BIA 1956) (holding that taking indecent liberties with a woman without her consent is a crime involving moral turpitude); *Matter of M-*, 2 I&N Dec. 17, 19–20 (BIA 1944) (holding that having sexual relations with a woman with the knowledge that her "mental powers are impaired to an extent negativing the idea of consent" is a crime involving moral turpitude).

Moreover, to violate section 3-307(a)(3), (4), or (5), a perpetrator must engage in an intentional sexual act or other contact with a minor victim under 16 years of age. In the past, we have held that such conduct is morally turpitudinous as long as the perpetrator knew or should have known that the victim was under the age of 16. *See Matter of Silva-Trevino*, 26 I&N Dec. at 834 & n.9 (citing *Matter of Guevara Alfaro*, 25 I&N Dec. 417, 420–21 (BIA 2011)). However, as noted, a defendant can be convicted under sections 3-307(a)(3), (4), and (5) even if there was a reasonable mistake as to the victim's age. *See Moore v. State*, 882 A.2d 256, 268 (Md. 2005). Because these sections do not require the perpetrator to have a culpable mental state regarding the age of the victim, the respondent contends that the prohibited offenses do not categorically fit within the generic definition of a crime involving moral turpitude.

We have yet to decide whether sexual crimes that do not require a perpetrator to possess a culpable mental state with respect to the age of the victim are crimes involving moral turpitude. *See Matter of Silva-Trevino*, 26 I&N Dec. at 834 n.9 (reserving the question whether statutory rape offenses that "do not require a perpetrator to have knowledge of the age of the victim . . . are crimes involving moral turpitude"). While we held in *Matter of Silva-Trevino* that moral turpitude was inherent in a sexual offense against a minor if an alien knew or should have known that the

---

[1] Although section 3-324(b) also requires that a violation of section 3-307 be with the "intent to commit [such] a violation," the plain language of sections 3-307(a)(3), (4), and (5) indicates that a defendant need not have known the age of the victim. Each section makes it unlawful to have sexual contact or commit a sexual act "if" the victim is a certain age, regardless of whether the perpetrator knew or reasonably should have known the victim's actual age. *See Moore v. State*, 882 A.2d 256, 268 (Md. 2005) (noting that sections 3-307(a)(4) and (5) do not contain a mistake of age defense).

victim was a minor, our decision did not foreclose the possibility that moral turpitude will inhere in some crimes, even if the relevant statute lacks an element that requires the perpetrator to have some culpable mental state regarding the victim's age. *Id.* at 834.

The United States Court of Appeals for the Fourth Circuit, in whose jurisdiction this case arises, has not directly addressed this issue. However, we find instructive the Third Circuit's reasoning in *Mehboob v. Attorney General of the U.S.*, 549 F.3d 272 (3d Cir. 2008), where the court concluded that indecent assault involving a minor under 16 years of age was a crime involving moral turpitude, despite the fact that a perpetrator need not have a culpable mental state regarding the victim's age.

> The absence of a *mens rea* as to a particular element in the statute of conviction does not necessarily connote an absence of moral culpability on the part of the violator. *Strict liability morality offenses*, like indecent assault . . . , *are crimes involving moral turpitude because of the community consensus that such offenses, which are enacted for the protection of the child, are inherently antisocial and depraved.* . . .
> Legislatures often remove *mens rea* elements from sex offenses on the basis of community consensus that certain conduct should not be permitted with children under a certain age. . . .
> Thus, the same community consensus that obviates the need to prove knowledge of the actual age of the victim at a criminal trial also categorizes [indecent assault] as a crime involving moral turpitude.

*Id.* at 277 (emphases added) (footnote and citations omitted).

We therefore clarify our decision in *Matter of Silva-Trevino* and now hold that a sexual offense in violation of a statute enacted to protect children is a crime involving moral turpitude where the victim is particularly young—that is, under 14 years of age—or is under 16 and the age differential between the perpetrator and victim is significant, or both, even though the statute requires no culpable mental state as to the age of the child.

Because such offenses contravene society's interest in protecting children from sexual exploitation, we conclude that they are reprehensible. *See Matter of Olquin*, 23 I&N Dec. 896, 897 (BIA 2006) ("Sexual exploitation of children is a particularly pernicious evil. It is evident beyond all doubt that any type of sexual conduct involving a child constitutes an intrusion upon the rights of that child, whether or not the child consents."); *see also Castle v. INS*, 541 F.2d 1064, 1065 n.1, 1066 (4th Cir. 1976) (holding that an adult "man's carnal knowledge of a fifteen year old girl . . . is so basically offensive to American ethics and accepted moral standards as to constitute moral turpitude per se"). We also conclude

that as the age gap between a victim under 16 and an older perpetrator increases, the more reprehensible the offense becomes.[2]

Further, where a statute criminalizing sexual conduct with a minor necessarily involves either a particularly young victim or a significant age difference between the perpetrator and a victim under 16 years of age, the culpable mental state element for a crime involving moral turpitude is implicitly satisfied by the commission of the proscribed act. *See Garnett v. State*, 632 A.2d 797, 805 (Md. 1993) (adopting "the traditional view of statutory rape as a strict liability crime designed to protect young persons from the dangers of sexual exploitation by adults, loss of chastity, [and] physical injury").

In this regard, our holding in *Matter of Silva-Trevino* is distinguishable. The Texas statute at issue there criminalized sexual contact between a minor who is 16 years old or younger and a perpetrator who is more than 3 years older. By contrast, under section 3-307(a)(3) of the Maryland Criminal Law, the victim is much younger (no older than 13) and the perpetrator must be at least 4 years older. While sections 3-307(a)(4) and (5) reach relatively older victims (under 16 years of age), these provisions also require that the perpetrator be an adult who is significantly older than the victim—specifically, at least 6 years older. We therefore conclude that all of the conduct proscribed by section 3-307 categorically fits within the generic definition of a crime involving moral turpitude.

Finally, we note that a defendant may be convicted under section 3-324(b) for knowingly soliciting a law enforcement officer who is posing as a minor to engage in sexual activity. We understand such an act to be equivalent to an attempt to engage an actual minor in unlawful sexual activity. *Cf. Hernandez-Alvarez v. Gonzales*, 432 F.3d 763, 766 (7th Cir. 2005) (holding that solicitation of an undercover investigator who was posing as a minor qualified as attempted sexual abuse of a minor).

It is well established that we only look to the underlying crime "to determine whether inchoate offenses, such as attempt . . . or solicitation, constitute crimes involving moral turpitude." *Matter of Vo*, 25 I&N Dec. 426, 428 (BIA 2011); *see also, e.g.*, *Reyes v. Lynch*, 835 F.3d 556, 560 (6th Cir. 2016) (holding that solicitation of prostitution is a crime involving

---

[2]  In the aggravated felony context, we emphasized that a substantial age differential "is the key consideration in determining whether" an alien who has engaged in sexual intercourse with a victim who is 16 or 17 years old has committed sexual abuse of a minor under the Act. *Matter of Esquivel-Quintana*, 26 I&N Dec. 469, 475 (BIA 2015), *aff'd*, 810 F.3d 1019 (6th Cir. 2016), *cert. granted*, 137 S. Ct. 368 (mem.) (2016); *see also Larios-Reyes*, 843 F.3d at 156 n.7 (according deference to our conclusion in *Matter of Esquivel-Quintana* that "the generic federal offense of 'sexual abuse of a minor' requires a meaningful age difference between the victim and the perpetrator").

moral turpitude because the underlying offense of prostitution is turpitudinous); *Gomez-Gutierrez v. Lynch*, 811 F.3d 1053, 1058–59 (8th Cir. 2016) (same); *Perez v. Lynch*, 630 F. App'x 870, 872–73 (10th Cir. 2015) (same); *Rohit v. Holder*, 670 F.3d 1085, 1089–90 (9th Cir. 2012) (same).

Because the respondent pled guilty under section 3-324(b) of the Maryland Criminal Law to knowingly soliciting a minor, or a police officer who was posing as a minor, with the intent to engage in unlawful sexual activity in violation of section 3-307, we conclude that he has been convicted of an offense that is categorically a crime involving moral turpitude. We therefore agree with the Immigration Judge that the respondent is removable pursuant to section 212(a)(2)(A)(i)(I) of the Act and we will dismiss his appeal.

The Immigration Judge granted the respondent voluntary departure conditioned upon the posting of a voluntary departure bond and informed him in writing of his obligation to provide the Board with timely proof that the bond had been posted. The respondent has not submitted proof that the voluntary departure bond has been paid. Accordingly, the voluntary departure period granted by the Immigration Judge will not be reinstated. 8 C.F.R. § 1240.26(c)(3)(ii) (2016); *see also Matter of Gamero*, 25 I&N Dec. 164, 166–67 (BIA 2010). The respondent will therefore be ordered removed from the United States pursuant to the Immigration Judge's alternate order of removal.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** The respondent is ordered removed from the United States to Mexico pursuant to the Immigration Judge's alternate order of removal.