# Matter of Kwan Ho KIM, Respondent

*Decided January 31, 2017*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The crime of mayhem in violation of section 203 of the California Penal Code, which requires a malicious act that results in great bodily injury to another person, necessarily involves the use of violent force and is therefore categorically a crime of violence under 18 U.S.C. § 16(a) (2012).

FOR RESPONDENT: Claire H. Kim, Esquire, Los Angeles, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: R.R. Stern, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY, MALPHRUS, and MULLANE, Board Members.

MALPHRUS, Board Member:

In a decision dated November 16, 2015, an Immigration Judge terminated the removal proceedings against the respondent. The Department of Homeland Security ("DHS") has appealed from that decision. The appeal will be sustained, the removal proceedings will be reinstated, and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of South Korea and a lawful permanent resident of the United States. In January 2015, the DHS charged him with removability under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2012), as an alien convicted of an aggravated felony under section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F) (2012), namely, a crime of violence for which the term of imprisonment was at least 1 year. In support of this charge, the DHS presented evidence establishing that the respondent was convicted on December 16, 2013, of mayhem in violation of section 203 of the California Penal Code, for which he was sentenced to 2 years of imprisonment.

It is undisputed that the respondent was convicted of mayhem and was sentenced to a term of imprisonment of at least 1 year. The Immigration

Judge nevertheless determined that the respondent's offense did not qualify as crime of violence because section 203 of the California Penal Code lacked an explicit element regarding the use, attempted use, or threatened use of violent force against another person, as required by 18 U.S.C. § 16(a) (2012).   Whether mayhem under California law is a crime of violence is a question of law that we review de novo.   8 C.F.R. § 1003.1(d)(3)(ii) (2016).

## II.  ANALYSIS

### A.  Categorical Approach

To determine whether the respondent's conviction renders him removable under section 237(a)(2)(A)(iii) of the Act, we employ the categorical approach outlined by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), by comparing the elements of section 203 of the California Penal Code to those of the Federal generic definition of a crime of violence in section 101(a)(43)(F) of the Act.   An element of a statute is what the "prosecution must prove to sustain a conviction" and the jury must find beyond a reasonable doubt.   *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (quoting *Black's Law Dictionary* 634 (10th ed. 2014)).   In other words, an element of section 203 is any fact "*necessarily involved*" in a mayhem violation.   *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (emphasis added); *see also Descamps v. United States*, 133 S. Ct. 2276, 2299 (2013) (discussing *Taylor's* "demanding requirement that . . . a prior conviction 'necessarily' involved . . . *facts equating to* [the] generic" offense (Alito, J., dissenting) (quoting *Shepard v. United States*, 544 U.S. 13, 24 (2005) (plurality opinion))).

Where the text of a State statute does not explicitly set forth an element of the generic crime, we may look to, among other things, State case law or jury instructions to discern whether the pertinent element is present.   *See Mathis*, 136 S. Ct. at 2249, 2256–57 (authorizing recourse to, inter alia, "state court decision[s]" and "jury instructions" to discern whether an aspect of a State statute is an element of the offense); *see also Ramirez v. Lynch*, 810 F.3d 1127, 1131 (9th Cir. 2016) ("In identifying the elements of the statute of conviction, we look not only to the text of the statute, but also to how state courts have interpreted and applied the statute.").

Because our examination is limited to the elements of section 203 of the California Penal Code, or what a violation of this provision "necessarily involved, . . . we must presume that the conviction 'rested upon [nothing] more than th[e] least of the acts' criminalized, and then determine whether even those acts are encompassed by the generic federal offense."

*Moncrieffe*, 133 S. Ct. at 1684 (alterations in original) (quoting *Johnson v. United States*, 559 U.S. 133, 137 (2010)). Nevertheless, "our focus on the minimum conduct criminalized by the state statute is not an invitation to apply 'legal imagination' to the state offense; there must be 'a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.'" *Id.* at 1684–85 (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)); *see also id.* at 1693 (stating that "[t]o defeat the categorical comparison in this manner, a noncitizen would have to demonstrate that the State *actually prosecutes* the relevant offense in cases involving" conduct outside the generic definition of the crime (emphasis added)).

## B. Crime of Violence

A crime of violence is defined in relevant part as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a); *see also* section 101(a)(43)(F) of the Act (incorporating the definition of a "crime of violence" in § 16(a) into the Act).[1] The term "use" under § 16(a) "requires active employment" and therefore denotes volition. *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004). And "the phrase 'physical force' means *violent* force— that is, force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140; *see also Leocal*, 543 U.S. at 11 (holding that § 16(a) "suggests a category of violent, active crimes"); *Matter of Chairez*, 26 I&N Dec. 819, 821 (BIA 2016) (stating that *Johnson* and *Leocal* control our interpretation of § 16(a)).

Section 203 of the California Penal Code provides as follows:

> Every person who unlawfully and maliciously deprives a human being of a member of his body, or disables, disfigures, or renders it useless, or cuts or disables the tongue, or puts out an eye, or slits the nose, ear, or lip, is guilty of mayhem.

Pursuant to the pertinent jury instructions, the State must prove—and a jury must find—that a violator of this statute (1) committed an unlawful and malicious act (2) that resulted in another person's body part being removed, disabled, or disfigured. *See* Judicial Council of California Criminal Jury

---

[1] A separate definition of the term "crime of violence" is set forth in 18 U.S.C. § 16(b). However, we will only address whether the respondent's offense is categorically a crime of violence under § 16(a) because the United States Court of Appeals for the Ninth Circuit, in whose jurisdiction this case arises, has deemed § 16(b) to be unconstitutionally vague for purposes of section 101(a)(43)(F) of the Act. *Dimaya v. Lynch*, 803 F.3d 1110, 1120 & n.17 (9th Cir. 2015), *cert. granted*, 137 S. Ct. 31 (2016).

Instruction ("CALCRIM") 801 (Oct. 2016); Cal. Jury Instr.—Crim. ("CALJIC") 9.30 (Sept. 2016); *see also People v. Santana*, 301 P.3d 1157, 1160 (Cal. 2013) (discussing the California jury instructions for "mayhem," which is an "older form of the word 'maim'" (quoting *People v. Keenan*, 277 Cal. Rptr. 687, 692 (Cal. Ct. App. 1991))).[2]

After reviewing the statutory text and the above jury instructions, the Immigration Judge terminated proceedings, concluding that section 203 lacked an explicit element regarding the use, attempted use, or threatened use of violent force against another person under § 16(a). However, her analysis does not recognize that, even where the terms "use" and "force" are not explicitly included in a statute's text or the related jury instructions, the requisite use of violent force under *Johnson* and *Leocal* may be intrinsic to—or "necessarily involved" in—all violations of the statute. *Moncrieffe*, 133 S. Ct. at 1684; *see also Mathis*, 136 S. Ct. at 2256; *Ramirez*, 810 F.3d at 1131.

### 1. "Use" of Force

The parties do not dispute that section 203 requires a defendant to actively "use" force within the meaning of § 16(a), and based on the elements of the offense, we conclude that it does. Mayhem under California law must be committed "maliciously," which means that it must be done with an "*intent* to vex, annoy, or injure another person, or an *intent* to do a wrongful act." *Santana*, 301 P.3d at 1163 (emphases added) (quoting *People v. Bryan*, 12 Cal. Rptr. 361, 364 (Cal. Ct. App. 1961)) (internal quotation mark omitted); *see also* Cal. Penal Code § 7(4) (2016) (defining "malice").

"Malicious" intent may be inferred through a defendant's actions, which must necessarily result in "the types of injuries" listed in section 203. *People v. Rodarte*, 168 Cal. Rptr. 3d 12, 21 (Cal. Ct. App. 2014) (quoting *People v. McKelvy*, 239 Cal. Rptr. 782, 785 (Cal. Ct. App. 1987)). For this reason, California courts characterize mayhem as a crime that only requires a general intent, rather than a specific intent to maim, disable, or disfigure. *See, e.g.*, *id.* However, a "'general intent' designation" under California law does not reflect that the requisite "use" of force under *Leocal* is

---

[2]   The California Judicial Council "withdrew its endorsement of the long-used CALJIC instructions and adopted the new CALCRIM instructions, effective January 1, 2006." *People v. Thomas*, 58 Cal. Rptr. 3d 581, 582 (Cal. Ct. App. 2007). The use of the newer instructions is not mandatory, but merely "strongly encouraged" and "recommended," so the continued use of the CALJIC instructions is not legal error. *Id.* at 582–83 (quoting California Rules of Court, Rule 2.1050(e)).

necessarily absent; "it merely clarifies that the crime does not require" an intent to inflict a specific injury. *United States v. Grajeda*, 581 F.3d 1186, 1193–97 (9th Cir. 2009) (analyzing whether an offense is a crime of violence under section 2L1.2 of the United States Sentencing Guidelines, which is identical to 18 U.S.C. § 16(a) in all relevant respects); *see also United States v. Laurico-Yeno*, 590 F.3d 818, 822 n.4 (9th Cir. 2010) ("A general intent crime can satisfy the generic definition of a 'crime of violence.'"). This is so because, while *Johnson* and *Leocal* dictate that a crime of violence must involve a volitional act capable of causing physical pain or injury, they do not require that the act be intended to cause a specific type of qualifying harm. *See Grajeda*, 581 F.3d at 1193–96.

The malice requirement under section 203 ensures "that the proscribed conduct was 'a *deliberate and intentional* act, as distinguished from an accidental or unintentional' one," even if there was no specific intent to bring about the requisite type of injury. *Rodarte*, 168 Cal. Rptr. 3d at 21 (emphasis added) (quoting *People v. Atkins*, 18 P.3d 660, 668 (Cal. 2001)); *see also id.* at 22 (observing that even the intent to "'vex, injure, or annoy' connotes a *knowing* violation of social norms" (emphasis added)).

Accordingly, the term "maliciously" in section 203 signifies something more than acting "recklessly," which is separately defined under California law as meaning that "a person is aware of and consciously disregards a substantial and unjustifiable risk." Cal. Penal Code § 450(f) (2016); *see also People v. Watie*, 124 Cal. Rptr. 2d 258, 267–68 (Cal. Ct. App. 2002) (noting the distinction between "malice" and "recklessness"); *cf. People v. Hayes*, 129 Cal. Rptr. 2d 885, 888 (Cal. Ct. App. 2003) (holding that a California sentencing law that only encompasses crimes "requir[ing] a showing of willfulness and malice" excludes the crime of "recklessly causing a fire"). *Compare* 1 Bernard E. Witkin, Cal. Crim. Law *Elements* § 12, Westlaw (4th ed. updated June 2016) (quoting the definition of "recklessness" in section 450(f) of the California Penal Code), *with id.* § 11 (providing that "the element of malice in most [California] criminal statutes is satisfied by the *intentional* doing of the act without justification . . . ('an *intent* to do a wrongful act')" (emphases added)).[3]

---

[3] The mens rea of recklessness will only be relevant to a violation of section 203 of the California Penal Code, if at all, where a defendant, in the course of intending "to vex or annoy" the victim, recklessly deploys force that maims or disfigures that person. However, to our knowledge no defendant has actually been prosecuted under section 203 for such conduct. *See, e.g.*, Witkin, *supra*, *Crimes Against the Person* § 87 (discussing the intent required to commit mayhem under section 203 and collecting cases). We therefore conclude that there is no realistic probability that section 203 will be used to actually prosecute a mayhem offense in which the use of physical force was reckless, negligent, or accidental. *See Moncrieffe*, 133 S. Ct. at 1684–85.

This is important because the Supreme Court has held that the phrase "the use . . . of physical force against the person or property of another" in § 16(a) "most naturally suggests a higher degree of intent than negligent or merely accidental conduct." *Leocal*, 543 U.S. at 9.[4] Because section 203 of the California Penal Code requires that mayhem be committed "maliciously," that is, deliberately and intentionally, we conclude that the respondent's violation of the statute must have necessarily involved the "use," or active employment, of force contemplated by *Leocal*.

## 2. "Physical Force"

The respondent's violation of section 203 of the California Penal Code must also have necessarily involved the use of "violent" physical force discussed in *Johnson*. The relevant jury instructions make clear that a jury must find that a defendant's malicious act resulted in *removal* of a part of the victim's body; *disabling or making useless* a part of the victim's body; permanently *disfiguring* that person; *cutting* or *disabling* that person's tongue; *slitting* that person's nose, ear, or lip; or *putting* out or *injuring* that person's eye.[5] *See* CALCRIM No. 801; CALJIC No. 9.30.

While these instructions do not explicitly state that a defendant must use "force" when, for example, putting out or injuring a victim's eye, it is clear that a jury must necessarily find that the defendant used some degree of force in doing so, because an eye cannot be put out or injured without force. *See United States v. Nason*, 269 F.3d 10, 20 (1st Cir. 2001) (holding that Maine's assault statute, which requires proof that an assault "cause physical injury," contains an implied element requiring the use of some degree of physical force, because "to cause *physical* injury, force necessarily must be *physical* in nature"); *see also United States v. Waters*, 823 F.3d 1062, 1064 (7th Cir. 2016) (noting that "proving intentional causation of bodily harm 'unambiguously requires proving physical force'"

---

[4]   The Ninth Circuit has held that recklessness is not "a sufficient mens rea to establish that a conviction is for a crime of violence under § 16." *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1130 (9th Cir. 2006) (en banc). However, the Supreme Court has declined to "resolve whether § 16 includes reckless behavior." *Voisine v. United States*, 136 S. Ct. 2272, 2280 n.4 (2016). The Ninth Circuit has since recognized that *Voisine* may undermine the circuit's prior holdings because the Supreme Court's interpretation of a similarly worded statute suggests that "reckless conduct indeed can constitute a crime of violence." *United States v. Benally*, 843 F.3d 350, 354 (9th Cir. 2016).

[5]   In California, the jury verdict in a criminal case must be unanimous. *See People v. Russo*, 25 P.3d 641, 645 (Cal. 2001) (citing Cal. Const. art. I, § 16).

(quoting *United States v. Upton*, 512 F.3d 394, 405 (7th Cir. 2008)).[6] Because the jury instructions make clear that a malicious act under section 203 must necessarily be attended by some degree of force, the critical inquiry then becomes whether the force involved in all violations of section 203 must necessarily be "violent" in nature, as contemplated by *Johnson*. For the following reasons, we hold that it does.

As noted, section 203 requires a jury to find that a defendant committed a malicious act that resulted in another person's body part being removed, disabled, or disfigured. Put another way, a jury must find that a defendant's malicious act under section 203 caused "great bodily injury" to that person. *Santana*, 301 P.3d at 1163 (recognizing that mayhem includes a "great bodily injury" component). California law defines "great bodily injury" as a "significant or substantial injury." *People v. Escobar*, 837 P.2d 1100, 1103 (Cal. 1992).[7]

We conclude that a "malicious"—or deliberate and intentional—act that causes "great bodily injury" under California law must necessarily involve force capable of causing physical pain or injury to another person pursuant to *Johnson*. First, as a matter of logic "it is impossible to cause" the great bodily injury contemplated by section 203 "without using force 'capable of' producing that result." *United States v. Castleman*, 134 S. Ct. 1405, 1416–17 (2014) (Scalia, J., concurring in part and concurring in judgment). Moreover, the United States Court of Appeals for the Ninth Circuit has explained that the degree of force necessarily involved in a conviction "based on 'force likely to produce great bodily injury[]' . . . must *necessarily go beyond* the 'least touching,' and represents 'actual force' that is *violent* in nature." *Grajeda*, 581 F.3d at 1192 (emphases added); *see also People v. Reed*, 203 Cal. Rptr. 659, 661 (Cal. Ct. App.

---

[6] We emphasize that we are not citing *Waters* and *Nason* for the proposition that "violent" physical force within the meaning of *Johnson* was necessarily used by the respondent in violating section 203. We merely cite these cases to support our conclusion that some degree of force was necessarily involved in his offense, even though neither the text of section 203 nor the relevant jury instructions explicitly require that "force" be used to commit mayhem. *Waters* and *Nason* were interpreting the term "physical force" in the context of deciding whether an offense was a misdemeanor crime of domestic violence under 18 U.S.C. § 922(g)(9) (2012). Although the term "physical force" under that provision incorporates a lesser degree of force than the "violent force" described in *Johnson*, it nevertheless indicates that some degree of physical force was necessarily involved in the offense at issue. *See United States v. Castleman*, 134 S. Ct. 1405, 1411−13 (2014).

[7] Construing California's rape statute, the California Supreme Court has additionally held that the concept of "great bodily injury" excludes "substantial psychological and emotional distress." *People v. Caudillo*, 580 P.2d 274, 285−86 (Cal. 1978), *overruled on other grounds by People v. Martinez*, 973 P.2d 512 (Cal. 1999).

1984) (describing mayhem as "a crime involving destructive violence toward another").[8]

*Arellano Hernandez v. Lynch*, 831 F.3d 1127 (9th Cir. 2016), supports our conclusion in this regard. In that case, the court reiterated that a conviction for criminal threats under section 422 of the California Penal Code is categorically for a crime of violence under § 16(a), despite the fact that the State statute and relevant case law failed to specify the degree of force that must attend a proscribed threat. *Id.* at 1130–32. The court reasoned that since the statute requires a violator of section 422 to "willfully threaten[] to commit a crime which *will result in . . . great bodily injury* to another person," all violations of this provision must necessarily involve "violent force" pursuant to *Johnson*. *Id.* (emphasis added). Likewise, because a jury must find that a mayhem offense in violation of section 203 of the California Penal Code involved a deliberate and intentional act that will result in great bodily injury to another person, all violations of this provision must also involve a degree of force that is "violent" in nature within the meaning of § 16(a). *See id.*; *Santana*, 301 P.3d at 1163.

This remains the case even if mayhem under section 203 is committed through the use of indirect force—for instance, where a victim is disabled through the use of poison. *See Arellano Hernandez*, 831 F.3d at 1130–31; *see also Matter of Guzman-Polanco*, 26 I&N Dec. 806, 807 (BIA 2016) (recognizing the circuit split regarding whether the indirect use of force satisfies the violent force requirement in *Johnson* and listing cases). The Ninth Circuit has determined that a violation of section 422 of the California Penal Code categorically falls within the generic definition of § 16(a), even if the threat was to poison another person. *Arellano Hernandez*, 831 F.3d at 1131. While the court acknowledged cases in the

---

[8]  We recognize that the Second Circuit recently construed the violent force requirement under *Johnson* as necessitating "no more nor less than force capable of causing [any] physical pain or injury to a person." *United States v. Hill*, 832 F.3d 135, 142 (2d Cir. 2016) (citing *Castleman*, 134 S. Ct. at 1417 (Scalia, J., concurring in part and concurring in judgment) (rejecting the argument that *Johnson* "requires force capable of inflicting 'serious' bodily injury," as opposed to merely "force capable of causing physical pain or injury, serious or otherwise")); *see also De Leon Castellanos v. Holder*, 652 F.3d 762, 766 (7th Cir. 2011) (holding "that so long as the force involved is 'capable of causing physical pain or injury to another person' . . . the 'physical force' requirement of the crime-of-violence definition is satisfied" (quoting *Johnson*, 559 U.S. at 140)). In this case, we do not attempt to demarcate the precise point at which force becomes "violent" under *Johnson*. We merely conclude that the force attendant to a "malicious" act that causes "great bodily injury" to another person under California law necessarily satisfies this threshold.

Fourth and Fifth Circuits holding that poisoning cannot qualify as "physical force" under § 16(a), it concluded that the Supreme Court's more recent decision in *Castleman* had rejected such reasoning. *Id.*

In *Castleman*, the Supreme Court made clear that "[t]he 'use of force' . . . is not the act of 'sprinkl[ing]' the poison; it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter." *Castleman*, 134 S. Ct. at 1415. To hold otherwise, the Court opined, would be equivalent to "say[ing] that pulling the trigger on a gun is not a 'use of force' because it is the bullet, not the trigger, that actually strikes the victim." *Id.* Thus, even if a violation of section 203 involves the indirect use of force, such as the use of poison, it still necessarily involves the requisite use of violent force contemplated by *Johnson*. *See Arellano Hernandez*, 831 F.3d at 1131 (citing *United States v. De La Fuente*, 353 F.3d 766, 770–71 (9th Cir. 2003) (concluding that a threat of anthrax poisoning constitutes a "threatened use of physical force" because the defendant's "letters clearly threatened death by way of physical contact with anthrax spores")).

Concluding that a violation of section 203 entails anything less than the use of violent force (such as an offensive touching) would require an impermissible application of legal imagination.[9] *See Moncrieffe*, 133 S. Ct. at 1684–85. We are unable to envision how a mere offensive touching, in any practical sense, could be said to cause the removal of a limb, for example. *See Ruiz-Morales v. Ashcroft*, 361 F.3d 1219, 1222 (9th Cir. 2004) (analyzing whether a violation of section 203 qualified as a crime of violence under § 16(b) and rejecting the alien's "efforts to concoct an example of mayhem involving no physical force"). And we are unaware of any California case relating to the prosecution of an individual for the crime

---

[9] Generally, crimes like simple battery are not regarded as necessarily involving violent force under § 16(a) because they only require proof of an offensive touching. *See Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1016–17 (9th Cir. 2006) (holding that simple battery under California law is not a crime of violence under § 16(a) because it can be based on the "least touching"). By contrast, aggravated battery offenses— particularly crimes like mayhem under section 203 that necessarily involve force that is likely to or does result in "great bodily injury"—satisfy the violent force requirement. *See Grajeda*, 581 F.3d at 1191–92. In this respect, California mayhem is more akin to an aggravated battery offense because both entail more than mere offensive touching. *See id.*; *see also* Witkin, *supra*, *Crimes Against the Person* § 85 ("Mayhem is a kind of aggravated battery . . . ."); 2 Wayne R. LaFave, Substantive Criminal Law § 16.1(b) (2d ed. Oct. 2016) (noting that "the common law did recognize the existence of a few aggravated batteries, such as mayhem (which required not merely a bodily injury but in addition a dismemberment type of injury)").

of mayhem in which the only force used was offensive touching. *See, e.g.*, *Witkin*, *supra*, *Crimes Against the Person* § 85 (listing acts that California courts have determined constitute mayhem). Thus, there is no realistic probability that section 203 will be used to actually prosecute a mayhem offense involving such conduct. *See Moncrieffe*, 133 S. Ct. at 1684–85.

## III. CONCLUSION

Although the text of section 203 of the California Penal Code and the relevant jury instructions do not explicitly set forth an element regarding "the use, attempted use, or threatened use of physical force," the requisite use of violent force under *Johnson* and *Leocal* is necessarily involved in all violations of the statute. A defendant convicted under section 203 must necessarily act "maliciously"—that is, deliberately and intentionally. Such a deliberate and intentional act must necessarily involve the use of force, and, because that force must result in great bodily injury under California law, the force used must necessarily be violent in nature. For these reasons, we conclude that a violation of section 203 is categorically a crime of violence under § 16(a).

The respondent's mayhem conviction under section 203 renders him removable under section 237(a)(2)(A)(iii) of the Act as an alien convicted of an aggravated felony crime of violence under section 101(a)(43)(F). The Immigration Judge therefore erred when she terminated his removal proceedings. Accordingly, the DHS's appeal will be sustained, the removal proceedings will be reinstated, and the record will be remanded to give the respondent an opportunity to pursue the relief he sought before the proceedings were terminated.

**ORDER:** The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings are reinstated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.