**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2287**

HECTOR REYMUNDO HENRIQUEZ DIMAS,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Argued: September 25, 2018                    Decided: October 18, 2018

Before MOTZ, DUNCAN, and THACKER, Circuit Judges.

Petition for review granted and remanded for further proceedings by unpublished opinion. Judge Duncan wrote the opinion, in which Judge Motz and Judge Thacker concurred.

**ARGUED:** Elana Nightingale Dawson, LATHAM & WATKINS LLP, Washington, D.C., for Petitioner. Lindsay Corliss, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Eric Harris Singer, LAW OFFICE OF ERIC SINGER, LLC, Bethesda, Maryland; Adam J. Tuetken, LATHAM & WATKINS LLP, Washington, D.C., for Petitioner. Chad A. Readler, Acting Assistant Attorney General, John S. Hogan, Assistant Director, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

DUNCAN, Circuit Judge:

After pleading guilty to second-degree assault and a fourth-degree sexual offense, Hector Henriquez Dimas ("Henriquez")--a native of El Salvador who entered the United States as a lawful permanent resident in 2011--was subjected to removal proceedings. The basis for Henriquez's removal, according to the Department of Homeland Security (the "DHS"), was that the relevant fourth-degree sexual offense is categorically a crime involving moral turpitude ("CIMT"). The immigration judge (the "IJ") agreed, and the Board of Immigration Appeals (the "BIA") affirmed, issuing its own opinion as to why the offense constitutes a CIMT. For the reasons that follow, the BIA's ruling was erroneous, and we therefore grant Henriquez's petition for review, vacate the order of removal, and remand for further proceedings consistent with this opinion.

## I.

In April 2016, Henriquez was arrested on second-degree rape charges after it was reported that Henriquez, who was twenty years old at the time, had sexual intercourse with a thirteen-year-old. Henriquez subsequently pleaded guilty to second-degree assault and a fourth-degree sexual offense--specifically, "sexual contact with another without the consent of the other." Md. Code Ann., Crim. Law § 3-308(b)(1) ("Section 3-308(b)(1)"). The DHS sought Henriquez's removal from the United States as an alien convicted of a

CIMT under the Immigration and Nationality Act (the "INA") in February 2017.[1]

Henriquez challenged, inter alia, whether his conviction of a fourth-degree sexual offense qualifies as a CIMT. The IJ determined that it does and ordered him removed, reasoning that pursuant to *In re Jimenez-Cedillo*, Henriquez's conviction is a CIMT because "the subsection at issue[,] . . . sex offense in the fourth degree in this case, does not differ materially from the subsection at issue in sex offense in the third degree at issue in *Jimenez-Cedillo*." J.A. 280 (citing *In re Jimenez-Cedillo*, 27 I&N Dec. 1 (BIA 2017)). Henriquez appealed, and the BIA affirmed the IJ's removal order. In its opinion, the BIA also relied on *In re Jimenez-Cedillo* for the principle that "offenses that necessarily involve sexual contact with a victim whose lack of consent is either explicit or implicit [like Maryland fourth degree sexual offense] are turpitudinous" and that the lack of a mens rea requirement in the statute with respect to consent did not bar a finding that the offense was a CIMT. J.A. 4 (citing *In re Jimenez-Cedillo*, 27 I&N Dec. at 4). Henriquez petitioned this court for review.

After initial briefing but before Henriquez filed his reply brief, this court held that the BIA erred in *In re Jimenez-Cedillo*. *Jimenez-Cedillo v. Sessions*, 885 F.3d 292 (4th Cir. 2018). In *In re Jimenez-Cedillo*, the BIA held that a strict liability crime involving

---

[1] The DHS first initiated removal proceedings against Henriquez on the basis that he had violated Md. Code Ann., Crim. Law § 3-308(b)(2), which prohibits sexual acts with a fourteen- or fifteen-year-old where the perpetrator is at least four years older. Finding that Henriquez had not been convicted under Section 3-308(b)(2), the IJ terminated those proceedings on February 16, 2017. The DHS initiated the instant removal proceedings immediately thereafter.

intentional sexual contact with a minor qualified as a CIMT, regardless of whether the underlying crime required proof that the perpetrator knew or should have known the victim's age. *See In re Jimenez-Cedillo*, 27 I&N Dec. at 1, 7. This represented a reversal in BIA policy; previously, a crime only qualified as a CIMT if it involved mental culpability as to the victim's age. *See Jimenez-Cedillo*, 885 F.3d at 298 (summarizing the prior rule). Finding that the BIA had "failed to explain its change in position," this court granted Jimenez-Cedillo's petition for review and remanded the matter to the BIA. *Id.* at 294.

## II.

The question before the court is whether the BIA erred in its opinion concluding that Section 3-308(b)(1) is categorically a CIMT. We review de novo whether a particular offense qualifies as a CIMT under the INA. *Sotnikau v. Lynch*, 846 F.3d 731, 735 (4th Cir. 2017). However, in doing so, "[w]e may affirm the BIA only on the grounds stated in the opinion and may not substitute what we consider to be 'a more adequate or proper basis' for its conclusions." *Oliva v. Lynch*, 807 F.3d 53, 57 (4th Cir. 2015) (internal citation omitted); *see generally SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) ("[A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency.").

5

III.

The INA authorizes removal of an alien who is convicted of a CIMT within five years of his or her admission to the United States. 8 U.S.C. § 1227(a)(2)(A)(i). The two essential elements of a CIMT are a culpable mental state and reprehensible conduct. *See Sotnikau*, 846 F.3d at 736. To satisfy the mens rea requirement, "the crime must have, as an element, an intent to achieve an immoral result or willful disregard of an inherent and substantial risk that an immoral act will occur." *Ramirez v. Sessions*, 887 F.3d 693, 704 (4th Cir. 2018). To satisfy the actus reus requirement, the crime "must involve conduct that not only violates a statute but also independently violates a moral norm." *Sotnikau*, 846 F.3d at 736 (internal quotation marks and citations omitted).

Because the BIA in this case relied on *In re Jimenez-Cedillo*'s holding, which we have since determined was error, we cannot affirm the BIA's order on the grounds stated in its opinion. *See Chenery*, 332 U.S. at 196; *Oliva*, 807 F.3d at 57. In its opinion, the BIA cited *In re Jimenez-Cedillo* to conclude that Section 3-308(b)(1) is categorically a CIMT, reasoning that "offenses that necessarily involve sexual contact with a victim whose lack of consent is either explicit or *implicit* are turpitudinous." J.A. 4 (citing *In re Jimenez-Cedillo*, 27 I&N Dec. at 4) (emphasis added). The BIA also cited *In re Jimenez-Cedillo* for the proposition that "it is not dispositive that the statute does not also include an explicit mens rea with respect to the lack of consent element." *Id.* Instead, the BIA determined that where the statute provides that the actus reus be done intentionally and without consent of the victim, a "sufficiently culpable mental state is involved." J.A. 4 (citing *In re Jimenez-Cedillo*, 27 I&N Dec. at 5). Because the BIA relied on *In re*

6

*Jimenez-Cedillo* to conclude that the lack of a mens rea requirement as to lack of consent was not dispositive as to whether the crime constitutes a CIMT, the opinion as written cannot stand.

Remand is also appropriate because the BIA was not presented with, and so did not address, the government's argument on appeal: that lack of consent under Section 3-308(b)(1) requires that "the prosecution must establish that the victim either expressly resisted the contact or submitted 'to a compelling force, or as a result of being put in fear.'" Appellee's Br. at 10. Unlike the strict liability statute in *In re Jimenez-Cedillo*, Section 3-308(b)(1), the government argues, requires both a lack of consent by the victim and a culpable mental state as to that lack of consent by the perpetrator, which together renders the conduct turpitudinous. *Id.* at 25–26. We acknowledge that the BIA correctly assessed, in dicta, that the victim's lack of consent must be proven as an element to obtain a conviction under Section 3-308(b)(1). J.A. 4; *see Perez v. State*, 29 A.3d 656, 659 (Md. Ct. Spec. App. 2011) (requiring that the jury find that the state prove "that the sexual . . . contact was made against the will and without consent of [the victim]."); *see also Travis v. State*, 98 A.3d 281, 292 (Md. Ct. Spec. App. 2014) ("[T]he proof of lack of consent [for purposes of Section 3-308(b)(1)] must be factually *ad hoc*."). Indeed, the appellate court has upheld an acquittal of a fourth-degree sex offense where the lack of consent was established solely on the basis that the victim was legally unable to consent. *See Travis*, 98 A.3d at 315 (holding that a jury verdict acquitting a defendant of a fourth-degree offense but convicting him of a third-degree offense was not fatally inconsistent where the victim was asleep).

7

Nonetheless, this court remains "powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis." *Chenery*, 332 U.S. at 196. Remand is therefore proper. *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) ("A court of appeals is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry. Rather, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotation marks and citations omitted).

IV.

For the foregoing reasons, we grant Henriquez's petition for review and remand the case to the BIA for further proceedings consistent with this opinion.

*PETITION FOR REVIEW GRANTED;*
*REMANDED FOR FURTHER PROCEEDINGS*