# Matter of Luis Manuel CERVANTES NUNEZ, Respondent

*Decided March 15, 2018*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The crime of attempted voluntary manslaughter in violation of sections 192(a) and 664 of the California Penal Code, which requires that a defendant act with the specific intent to cause the death of another person, is categorically an aggravated felony crime of violence under section 101(a)(43)(F) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F) (2012), notwithstanding that the completed offense of voluntary manslaughter itself is not such an aggravated felony.

FOR RESPONDENT: Araceli G. Guerrero, Esquire, Santa Ana, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Maria Beg, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY, GUENDELSBERGER, and WENDTLAND, Board Members.

PAULEY, Board Member:

In a decision dated August 31, 2016, an Immigration Judge terminated the respondent's removal proceedings, finding that he is not removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2012), as an alien convicted of an aggravated felony. The Department of Homeland Security ("DHS") has appealed from that decision. The appeal will be sustained, the proceedings will be reinstated, and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who was admitted to the United States as a lawful permanent resident in 1965. He was convicted on March 15, 1991, of voluntary manslaughter in violation of section 192(a) of the California Penal Code. On the same day, he was convicted of attempted voluntary manslaughter in violation of sections 192(a) and 664 of the California Penal Code, for which he was sentenced to 1 year and 8 months

of imprisonment.[1]  His sentence included a 1-year enhancement pursuant to section 12022.7 of the California Penal Code for inflicting great bodily injury in the commission of the crime.

The DHS initially filed a notice to appear charging that the respondent is removable under section 237(a)(2)(A)(iii) of the Act because his conviction for voluntary manslaughter in violation of section 192(a) is for an aggravated felony crime of violence under section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F) (2012).  However, the DHS subsequently conceded that voluntary manslaughter under California law is not a crime of violence and lodged an additional charge that the respondent's conviction for attempted voluntary manslaughter in violation of sections 192(a) and 664 is a conviction for a crime of violence under section 101(a)(43)(F) and an attempt to commit an aggravated felony under section 101(a)(43)(U).

The Immigration Judge concluded that the respondent is not removable because the California voluntary manslaughter statute at section 192(a) is indivisible and overbroad relative to the definition of a crime of violence in section 101(a)(43)(F) of the Act.  The Immigration Judge further concluded that attempted voluntary manslaughter under sections 192(a) and 664 is not an aggravated felony crime of violence or an attempt offense under section 101(a)(43)(U).  Because he found that the respondent was not removable as charged, the Immigration Judge terminated the removal proceedings.

On appeal, the DHS argues that the respondent's offense of attempted voluntary manslaughter under sections 192(a) and 664 of the California Penal Code is an aggravated felony crime of violence, even though the completed offense of voluntary manslaughter in violation of section 192(a) is not.  According to the respondent, attempted voluntary manslaughter is not a crime of violence under the categorical approach.  He further contends that

---

[1]  At the time of the respondent's conviction, section 192(a) of the California Penal Code provided, in pertinent part:

> Manslaughter is the unlawful killing of a human being without malice.  It is of three kinds:
>   (a)  Voluntary—upon a sudden quarrel or heat of passion.

The respondent does not dispute that he was convicted under this portion of section 192 of the California Penal Code.  The attempt statute at section 664 provided, in pertinent part:

> Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts . . . .

The statute then listed the punishments for different levels of attempt offenses.

his sentence does not satisfy the 1-year term of imprisonment required by section 101(a)(43)(F) of the Act.  We review these questions of law de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2017).

## II.  ANALYSIS

Section 101(a)(43)(F) of the Act defines an aggravated felony in relevant part as "a crime of violence (as defined in section 16 of title 18, United States Code . . .) for which the term of imprisonment [is] at least one year."  In turn, 18 U.S.C. § 16(a) (2012) defines a crime of violence as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[2]

"The term 'use' under § 16(a) 'requires active employment' and therefore denotes volition."  *Matter of Kim*, 26 I&N Dec. 912, 914 (BIA 2017) (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004)).  "And 'the phrase "physical force" means *violent* force—that is, force capable of causing physical pain or injury to another person.'"  *Id.* (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)); *see also Leocal*, 543 U.S. at 11 (holding that § 16(a) "suggests a category of violent, active crimes").

To determine whether the respondent's conviction renders him removable under section 237(a)(2)(A)(iii) of the Act, we employ the categorical approach, which focuses on the elements of the crime, rather than the particular facts of the case.  *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016).  "Under that approach, we ask whether '"the state statute defining the crime of conviction" categorically fits within the "generic" federal definition of a corresponding aggravated felony.'"  *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1568 (2017) (citations omitted).  Thus, we must compare the elements of sections 192(a) and 664 of the California Penal Code to those of the Federal generic definition of a crime of violence in section 101(a)(43)(F) of the Act.  *See Matter of Kim*, 26 I&N Dec. at 913.

"[I]f 'the elements of the state crime are *the same as or narrower than* the elements of the federal offense, then the state crime is a categorical match and every conviction under that statute qualifies as an aggravated felony.'"  *Matter of Delgado*, 27 I&N Dec. 100, 101 (BIA 2017) (quoting *Diego v. Sessions*, 857 F.3d 1005, 1009 (9th Cir. 2017)).  However, when we must decide whether the State statute contains alternative elements or means of violating the statute, we may consult State law, specifically, State court

---

[2]   The United States Court of Appeals for the Ninth Circuit, in whose jurisdiction this case arises, has held that the separate definition of a "crime of violence" at 18 U.S.C. § 16(b) is unconstitutionally vague, but that definition is not at issue in this case.  *See Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015), *cert. granted*, 137 S. Ct. 31 (2016).

rulings, the face of the statute, the statute's structure, and "if state law fails to provide clear answers," the record of a prior conviction. *Mathis*, 136 S. Ct. at 2256−57 & n.7 (citing *Descamps v. United States*, 570 U.S. 252, 264 (2013)); *see also Covarrubias Teposte v. Holder*, 632 F.3d 1049, 1054 (9th Cir. 2011) ("Applying the categorical approach, 'we consider not only the language of the state statute, but also the interpretation of that language in judicial opinions . . . .'" (citation omitted)).

The Immigration Judge concluded that attempted voluntary manslaughter under sections 192(a) and 664 of the California Penal Code is not categorically a crime of violence under § 16(a) because a violation of section 192(a) does not necessarily involve the volitional use of force contemplated by *Leocal*. In reaching this conclusion, he relied on the Ninth Circuit's decision in *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1306–07 (9th Cir. 2015), which held that because "a person may be convicted of voluntary manslaughter under California Penal Code § 192(a) for reckless conduct," a violation of section 192(a) is not categorically a crime of violence under § 16(a), which requires the intentional use of force.[3] *See also United States v. Rivera-Muniz,* 854 F.3d 1047, 1050−51 (9th Cir. 2017). The Immigration Judge also considered the relevant jury instructions for section 192(a) and found that the statute is indivisible with respect to the mens rea necessary to be a crime of violence under the Act. *See* Judicial Council of California Criminal Jury Instruction ("CALCRIM") 572 (Oct. 2017) (providing that a jury must find that the defendant either "unlawfully intended to kill someone," or "deliberately acted with conscious disregard for human life"); *see also* Cal. Jury Instr.—Crim. ("CALJIC") 8.40 (Sept. 2017).[4]

We recognize that voluntary manslaughter under section 192(a) is not categorically a crime of violence because it encompasses both intentional and reckless acts. However, the offense of *attempted* voluntary manslaughter under sections 192(a) and 664 is not similarly overbroad relative to § 16(a). This is because California courts have held that "attempted voluntary manslaughter cannot be premised on the theory [that a] defendant acted with conscious disregard for life, because it would be based on the 'internally contradictory premise' that one can intend to commit a reckless killing."

---

[3]    The Supreme Court has declined to "resolve whether § 16 includes reckless behavior." *Voisine v. United States*, 136 S. Ct. 2272, 2280 n.4 (2016). We will therefore apply the Ninth Circuit's controlling case law that recklessness is not "a sufficient mens rea to establish that a conviction is for a crime of violence under § 16." *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1130 (9th Cir. 2006) (en banc). *But see United States v. Benally*, 843 F.3d 350, 354 (9th Cir. 2016) (acknowledging that *Voisine* suggests that "reckless conduct indeed can constitute a crime of violence" (citing *Voisine*, 136 S. Ct. at 2279–80)).

[4]    The California Supreme Court has equated the mens rea of "conscious disregard for life" with the mental state of recklessness. *See People v. Lasko*, 999 P.2d 666, 672 (Cal. 2000).

*People v. Gutierrez*, 5 Cal. Rptr. 3d 256, 260–61 (Cal. Ct. App. 2003) (citation omitted); *see also United States v. Moreno*, 821 F.3d 223, 230 (2d Cir. 2016) (stating that "it is legally impossible to *attempt* to commit [a] reckless" act); *United States v. Gomez-Hernandez*, 680 F.3d 1171, 1176 n.4 (9th Cir. 2012) (noting that it is not "possible under Arizona law to be guilty of attempted aggravated assault based on intentionally engaging in conduct that recklessly causes physical injury to another"); *Knapik v. Ashcroft*, 384 F.3d 84, 91 (3d Cir. 2004) ("[B]y its very nature acting recklessly is inconsistent with the *mens rea* required for attempt.  A person cannot intend to commit a criminally reckless act.  He or she either acts recklessly or does not.").[5]

Instead, a person who commits attempted voluntary manslaughter in violation of sections 192(a) and 664 of the California Penal Code must act with "the specific intent to kill another person." *People v. Speight*, 174 Cal. Rptr. 3d 454, 466 (Cal. Ct. App. 2014) (quoting CALJIC No. 8.41); *see also Fernandez v. Sullivan*, No. EDCV 06-1054-GHK (JTL), 2009 WL 1684411, at *6 n.2 (C.D. Cal. June 12, 2009) (noting that "*attempted* voluntary manslaughter . . . requires intent to kill"); *People v. Montes*, 5 Cal. Rptr. 3d 800, 804−07 (Cal. Ct. App. 2003); *People v. Lewis*, 25 Cal. Rptr. 2d 827, 833 (Cal. Ct. App. 1993) ("Attempted [voluntary] manslaughter is a direct but ineffectual act, committed without malice, but intended to kill a human being."); *People v. Van Ronk*, 217 Cal. Rptr. 581, 584 (Cal. Ct. App. 1985) (requiring an intent to kill for conviction of attempted voluntary manslaughter); CALCRIM No. 603 (requiring proof that the defendant "intended to kill" someone).  We therefore hold that, unlike the completed offense of voluntary manslaughter under section 192(a), the crime of attempted voluntary manslaughter under sections 192(a) and 664, which under California law requires a specific intent to kill, necessarily involves the volitional "use" of force contemplated by *Leocal*.

We further conclude that under the law of the Ninth Circuit, which is controlling in this case, the crime of attempted voluntary manslaughter under

---

[5]   Although this case does not involve a plea agreement, we note that, unlike some other States, California does not permit convictions by plea to legally impossible crimes, such as attempted recklessness. *See, e.g.*, *People v. Soriano*, 6 Cal. Rptr. 2d 138, 139–41 (Cal. Ct. App. 1992) (permitting a defendant to challenge on appeal his nolo contendere plea to a legally impossible crime); *cf. Dale v. Holder*, 610 F.3d 294, 301–02 (5th Cir. 2010) (acknowledging that New York law does not allow a conviction by a jury for an attempt crime, such as assault, where the principal crime has a mens rea requirement of recklessness or less, but nonetheless recognizing that New York courts routinely permit defendants to plead guilty to such hypothetical or legally impossible crimes); *People v. Guishard*, 789 N.Y.S.2d 332, 333 (N.Y. App. Div. 2005) (rejecting the defendant's assertion that the lower court erred in accepting his guilty plea to attempted assault in the first degree, although the crime was "a legal impossibility").

California law necessarily involves the use of "violent force" required by *Johnson*. The Ninth Circuit has determined that the offense of attempted criminal threats under sections 422(a) and 664 of the California Penal Code is a crime of violence under 18 U.S.C. § 16(a). *Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1130−31 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2180 (2017). The court reasoned that since section 422 requires a violator to "willfully threaten[] to commit a crime which will result in death or great bodily injury to another person," the elements of the crime "necessarily include a threatened use of physical force 'capable of causing physical pain or injury to another person.'" *Id.* (citations omitted); *see also United States v. Villavicencio-Burruel*, 608 F.3d 556, 562 (9th Cir. 2010).

Likewise, because a jury must find that a person who commits attempted voluntary manslaughter in violation of sections 192(a) and 664 of the California Penal Code must have a specific intent to cause the death of another person, all violations of these provisions must involve the intent to commit an act of force capable of resulting in death. *See Arellano Hernandez,* 831 F.3d at 1130−31; *cf. Matter of Kim*, 26 I&N Dec. at 919 (finding that under Ninth Circuit law an intentional act that is capable of causing great bodily injury to another necessarily involves the use of "violent force"). Indeed, "[i]t is hard to imagine conduct that can cause another to die that does not involve physical force against the body of the person killed." *United States v. Checora*, 155 F. Supp. 3d 1192, 1197 (D. Utah 2015); *see also United States v. Solorzano*, No. 12cr236-GPC, 2017 WL 2172211, at *7 (S.D. Cal. May 17, 2017).

Although perhaps counterintuitive, we therefore hold that the respondent's offense of attempted voluntary manslaughter under sections 192(a) and 664 of the California Penal Code is categorically a crime of violence under § 16(a). Unlike the completed crime of voluntary manslaughter under California law, which encompasses reckless conduct and is therefore not categorically a crime of violence under Ninth Circuit law, attempted voluntary manslaughter requires the specific intent to kill. Although "physical force" is not an express element of attempted voluntary manslaughter, we deem it evident under Ninth Circuit law that the offense, which requires a "volitional," or intentional, mental state and contemplates a direct act on the part of the accused that is capable of causing the death of another person, inherently presupposes the use of "physical force." Since the respondent's offense necessarily involves the intentional use of physical force, it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a).

Finally, the respondent generally contends that the 1-year sentencing enhancement he received for his attempted voluntary manslaughter offense cannot be counted in determining whether he was sentenced to a "term of

imprisonment [of] at least one year," as required by section 101(a)(43)(F) of the Act for this offense to be an aggravated felony. He does not offer any specific arguments or cite any legal authority for this assertion, which we do not find persuasive. *Cf. United States v. Rodriquez*, 553 U.S. 377, 386 (2008) ("When a defendant is given a higher sentence under a recidivism statute— or for that matter, when a sentencing judge, under a guidelines regime or a discretionary sentencing system, increases a sentence based on the defendant's criminal history—100% of the punishment is for the offense of conviction."); *United States v. Rivera*, 658 F.3d 1073, 1076 (9th Cir. 2011) (holding that a recidivist sentencing enhancement "may be considered in determining whether a prior conviction qualifies as" an aggravated felony because it "relate[s] to the commission of the repeat offense and is clearly part of the sentence 'prescribed by law'"), *abrogated on other grounds by Lopez-Valencia v. Lynch*, 798 F.3d 863, 871 n.6 (9th Cir. 2015). *See generally Apprendi v. New Jersey*, 530 U.S. 466 (2000).

## III. CONCLUSION

The respondent's conviction for attempted voluntary manslaughter under sections 192(a) and 664 of the California Penal Code renders him removable under section 237(a)(2)(A)(iii) of the Act because it is categorically a conviction for an aggravated felony crime of violence under section 101(a)(43)(F).[6] The Immigration Judge therefore erred when he terminated the proceedings. Accordingly, the DHS's appeal will be sustained, the removal proceedings will be reinstated, and the record will be remanded to give the respondent an opportunity to apply for any relief for which he may be eligible.

**ORDER:** The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings are reinstated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

6  Because we conclude that attempted voluntary manslaughter under sections 192(a) and 664 of the California Penal Code is categorically a crime of violence under section 101(a)(43)(F) of the Act, we need not decide whether the respondent was properly charged with an attempt offense under section 101(a)(43)(U).