# Matter of Sanny Montefar NEMIS, Respondent

*Decided March 8, 2021*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)   Applying the categorical approach, the conspiracy statute, 18 U.S.C. § 371 (2012), is overbroad relative to the generic definition of a crime involving moral turpitude, and divisible between the offense clause, which may or may not involve moral turpitude, and the defraud clause of the statute, which is categorically a crime involving moral turpitude.

(2)   To determine whether a conspiracy conviction under the offense clause of 18 U.S.C. § 371 constitutes a crime involving moral turpitude, the underlying statute of conviction should be examined under the categorical, and if applicable, modified categorical approach.

(3)   The respondent's conviction under 18 U.S.C. § 1546(a) (2012), punishing fraud and misuse of visas, permits, and other documents, is overbroad and divisible such that the modified categorical approach is applicable and it was proper to consider the conviction records. *Matter of Serna*, 20 I&N Dec. 579 (BIA 1992), clarified.

(4)   The respondent's conviction for conspiracy to commit visa fraud in violation of 18 U.S.C. §§ 371 and 1546(a) is a conviction for a crime involving moral turpitude under the modified categorical approach.

FOR RESPONDENT:  David K. Kim, Esquire, Flushing, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Seth Goldman, Assistant Chief Counsel

BEFORE:  Board Panel:  WILSON, GOODWIN, and GORMAN, Appellate Immigration Judges.

GOODWIN, Appellate Immigration Judge:

In a decision dated July 9, 2019, an Immigration Judge found the respondent was inadmissible under section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I) (2018), as an alien convicted of a crime involving moral turpitude, and denied his application for cancellation of removal under section 240A(a) of the Act, 8 U.S.C. § 1229b(a) (2018).  The respondent has appealed from this decision. The appeal will be dismissed.

The respondent is a native and citizen of the Philippines who was accorded lawful permanent resident status in 2010. On November 29, 2016, he was convicted of conspiracy to commit visa fraud in violation of 18 U.S.C. §§ 371 and 1546(a) (2012). Thereafter, he traveled abroad and sought to reenter this country. Based on his conviction, the Department of Homeland Security ("DHS") deemed him to be seeking an admission into the United States and placed him in removal proceedings, charging him with inadmissibility under section 212(a)(2)(A)(i)(I) of the Act.[1]

The Immigration Judge determined the respondent's offense constitutes a crime involving moral turpitude under section 212(a)(2)(A)(i)(I) of the Act, rendering him inadmissible as charged. The Immigration Judge further found the respondent statutorily ineligible for cancellation of removal and alternatively denied that application in the exercise of discretion. The respondent challenges these determinations on appeal.[2] We review the Immigration Judge's findings of fact for clear error, but we review questions of law, discretion, and judgment, and all other issues de novo. 8 C.F.R. § 1003.1(d)(3)(i), (ii) (2020).

## I. INADMISSIBILITY

### A. Legal Framework

Generally, lawful permanent residents, like the respondent, who are returning to the United States from traveling abroad, "shall not be regarded as seeking an admission into the United States . . . unless the alien . . . has committed an offense identified in section 212(a)(2)." Section 101(a)(13)(C)(v) of the Act, 8 U.S.C. § 1101(a)(13)(C)(v) (2018). The DHS has the burden of proving by clear and convincing evidence that this exception to the general rule for lawful permanent residents applies. *Matter of Rivens*, 25 I&N Dec. 623, 625 (BIA 2011). In this case, the DHS was required to establish that the respondent committed a crime involving moral turpitude under 212(a)(2)(A)(i)(I) of the Act, rendering him inadmissible. Section 101(a)(13)(C)(v) of the Act.

In determining whether the respondent's conviction is a crime involving moral turpitude, we first apply the categorical approach, in which we look

---

[1]   The notice to appear originally contained three charges; however, the DHS withdrew the other two charges.

[2]   We note that neither party argues the respondent's conviction is subject to the petty offense exception under section 212(a)(2)(A)(ii)(II) of the Act. The object of the conspiracy, namely, a conviction under 18 U.S.C. § 1546(a), is not punishable as a misdemeanor. Therefore, the maximum penalty possible under 18 U.S.C. § 371 exceeds one year, such that the petty offense exception does not apply.

solely to the minimum criminal conduct necessary to satisfy the essential elements of the crime, not the particular circumstances of the respondent's conduct. *See Mota v. Barr*, 971 F.3d 96, 99 (2d Cir. 2020). If the statute is overbroad, meaning that it criminalizes some conduct that involves moral turpitude, and some that does not, we next consider whether the statute is divisible. *Obeya v. Sessions*, 884 F.3d 442, 447 n.4 (2d Cir. 2018). A statute is "divisible" if it "comprises multiple, alternative versions of the crime." *Id.* (quoting *Descamps v. United States*, 570 U.S. 254, 262 (2013)). If the statute of conviction is divisible, we apply the modified categorical approach and examine permissible documents from the respondent's record of conviction to determine "what crime, with what elements [the respondent] was convicted of." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)) (identifying documents that are permissible for courts to examine in determining the elements of a conviction under the modified categorical approach, including, inter alia, charging documents, jury instructions, and plea agreements).

## B. Conspiracy under 18 U.S.C. § 371

### 1. The Statute is Overbroad and Divisible

The relevant statute, 18 U.S.C. § 371, criminalizes "two or more persons [who] conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy." Applying the categorical approach, we conclude that 18 U.S.C. § 371 is facially overbroad, since it punishes both crimes involving moral turpitude and crimes which may not involve moral turpitude within the meaning of section 212(a)(2)(A)(i)(I) of the Act, because it covers not only conspiracy to defraud, but also "to commit any offense." *Cf. Matthews v. Barr*, 927 F.3d 606, 620 (2d Cir. 2019) ("Where a statute is not facially overbroad, the realistic probability approach requires a noncitizen to demonstrate 'that the State actually prosecutes the relevant offense in cases' that fall outside the federal definition." (citation omitted)).

The United States Court of Appeals for the Second Circuit, in whose jurisdiction this case arises, has found that 18 U.S.C. § 371 can be violated in two different ways: either by "conspiring to commit 'offenses' that are specifically delineated in other federal statutes," or by "conspiring to 'defraud the United States.'" *United States v. Helmsley*, 941 F.2d 71, 90 (2d Cir. 1991); *see also United States v. Rosenblatt*, 554 F.2d 36, 40 (2d Cir. 1977) (explaining that 18 U.S.C. § 371 is the "general federal conspiracy

statute," which may be prosecuted under the "offense" clause or the "defraud" clause). Thus, whether the respondent's statute of conviction is divisible depends upon whether the offense clause and the defraud clause are simply separate means of committing the conspiracy offense, or whether the offense clause and the defraud clause each have unique elements that must be proven for a conviction under the respective clause of 18 U.S.C. § 371. *See Mathis*, 136 S. Ct. at 2249.

In undertaking this inquiry, we note "[w]ithout question, the object of a conspiracy constitutes an essential element of the conspiracy offense." *United States v. Roshko*, 969 F.2d 1, 5 (2d Cir. 1992). Notably, to be convicted under the offense clause of 18 U.S.C. § 371, not only must the conspirators have agreed to commit an offense, they also "must have agreed to commit the *same* offense to satisfy the rule that they have agreed on the essential nature of the plan." *United States v. Stavroulakis*, 952 F.2d 686, 691 (2d Cir. 1992) (emphasis added) (citing *Rosenblatt*, 554 F.2d at 41). Conversely, when the Government charges a defendant under the defraud clause of 18 U.S.C. § 371, it must prove an agreement on the essential nature of the alleged fraud. *Rosenblatt*, 554 F.2d at 42. As the object of the conspiracy is an essential element of 18 U.S.C. § 371, and the offense clause and defraud clause each has a distinct object, each clause has its own unique element that must be proven for a conviction under that clause.[3] *See Roshko*, 969 F.2d at 2; *Stavroulakis*, 952 F.2d at 691; *Rosenblatt*, 554 F.2d at 41–42; *see also United States v. Alston*, 77 F.3d 713, 718 (3d Cir. 1996) ("While the 'offense' clause requires reference to another part of the criminal code, the 'defraud' clause does not, simply because the substantive offense (fraud) is contained in the statute itself.").

Additionally, we find the Second Circuit's discussion in *Helmsley*, 941 F.2d at 91, relating to 18 U.S.C. § 371 to be instructive in determining whether the statute's offense clause and defraud clause each contain separate elements that must be proven in order for a defendant to be convicted under each specific clause. In that case, a defendant was charged under both the offense clause and the defraud clause of 18 U.S.C. § 371. The indictment alleged that the defendant conspired to accomplish five possible illegal objectives, one of which was to defraud the United States, and the other four each involved an agreement to violate a specific law. The jury was instructed it must be unanimous as to which of the five alleged illegal objectives the defendant conspired to accomplish. Given the jury had to decide unanimously whether the defendant in that case either conspired to defraud

---

[3] We acknowledge, on occasion, the offenses will "overlap when the object of a conspiracy is a fraud on the United States that also violates a specific federal statute." *Helmsley*, 941 F.2d at 90.

the United States, or conspired to commit a specific offense (one of the four possible offenses enumerated in the indictment), we conclude the defraud clause and the offense clause each have unique elements that must be proven for a conviction under 18 U.S.C. § 371.  *See Mathis*, 136 S. Ct. at 2248–50 (explaining that the elements of an offense must be agreed upon by a jury). We further conclude that 18 U.S.C. § 371 defines multiple crimes and is therefore divisible.  *See id.* at 2249.

### 2.  The Respondent was Convicted under the Offense Clause

As we have determined the respondent's offense of conviction is divisible, we apply the modified categorical approach and examine the permissible *Shepard* documents from the respondent's record of conviction to determine "what crime, with what elements [the respondent] was convicted of."  *Id.*

Here, the record of conviction includes a single-count criminal indictment, a plea transcript, and a judgment of conviction.  The single count in the indictment—Count One—provides the respondent conspired to "commit an offense against the United States, to wit, immigration fraud."  The judgment of conviction makes clear the respondent pleaded guilty to this single-count criminal indictment.  Thus, given our examination of the charging document and the judgment of conviction—both of which are proper *Shepard* documents—we are satisfied the respondent was convicted of conspiracy to commit an offense against the United States under the offense clause of 18 U.S.C. § 371.

When an alien is convicted of general Federal conspiracy under 18 U.S.C. § 371, the first determination is whether the alien was convicted under the offense clause or the defraud clause of the statute.  Where an alien is convicted under the defraud clause, the inquiry ends, because this clause categorically constitutes a crime involving moral turpitude.  Fraud convictions have long been held to constitute crimes involving moral turpitude.  *See Mendez v. Mukasey*, 547 F.3d 345, 347 (2d Cir. 2008). However, where, as here, an alien is convicted under the offense clause, we conduct categorical, and, if applicable, modified categorical analyses of the underlying statute of conviction to determine if the underlying offense involves moral turpitude.  *See Matter of Vo*, 25 I&N Dec. 426, 429 (BIA 2011) (concluding that it is necessary to examine the underlying substantive crime in determining whether a conviction for an inchoate offense renders and alien removable).[4]

---

[4]   Whether a general Federal conspiracy under 18 U.S.C. § 371 under the offense clause may also constitute a crime involving moral turpitude, where the underlying substantive

C.  Fraud and Misuse of Visas, Permits, and Other Documents
18 U.S.C. §1546(a)

1.  The Statute is Overbroad

Having determined that the respondent was convicted under the offense clause of 18 U.S.C. § 371, which includes offenses that may or may not involve moral turpitude, we analyze under the categorical approach whether the underlying crime of fraud and misuse of visas, permits, and other documents under 18 U.S.C. §1546(a) constitutes a crime involving moral turpitude. *See id.* at 428–30.

At the time of the respondent's conviction, 18 U.S.C. § 1546(a) punished by fine or imprisonment, the following:

> Whoever knowingly forges, counterfeits, alters or falsely makes any immigrant or nonimmigrant visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, or utters, uses, attempts to use, possesses, obtains, accepts, or receives any such visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained; or
> Whoever, except under the direction of the Attorney General or the Commissioner of the Immigration and Naturalization Service, or other proper officer, knowingly possesses any blank permit, or engraves, sells, brings into the United States, or has in his control or possession any plate in the likeness of a plate designed for the printing of permits, or makes any print, photograph, or impression in the likeness of any immigrant or nonimmigrant visa, permit or other document required for entry into the United States, or has in his possession a distinctive paper which has been adopted by the Attorney General or the Commissioner of the Immigration and Naturalization Service for the printing of such visas, permits or documents; or
> Whoever, when applying for an immigrant or nonimmigrant visa, permit, or other document required for entry into the United States, or for admission to the United States personates another, or falsely appears in the name of a deceased individual, or evades or attempts to evade the immigration laws by appearing under an assumed or fictitious name without disclosing his true identity, or sells or otherwise disposes of,

---

offense has only a general mens rea, is not addressed here as the underlying substantive offense in this case (fraud and misuse of visas, permits, and other documents under 18 U.S.C. §1546(a)) involves a specific intent. *Cf. Matter of Cervantes Nunez*, 27 I&N Dec. 238, 243 (BIA 2016) (holding that attempted voluntary manslaughter under California law is categorically a crime of violence because the crime of attempt requires specific intent, even though the underlying crime of voluntary manslaughter encompasses reckless conduct and is not categorically a crime of violence).

or offers to sell or otherwise dispose of, or utters, such visa, permit, or other
document, to any person not authorized by law to receive such document; or

   Whoever knowingly makes under oath, or as permitted under penalty of perjury
under section 1746 of title 28, United States Code, knowingly subscribes as true, any
false statement with respect to a material fact in any application, affidavit, or other
document required by the immigration laws or regulations prescribed thereunder, or
knowingly presents any such application, affidavit, or other document which
contains any such false statement or which fails to contain any reasonable basis in
law or fact . . . .

For clarity of our analysis, we will treat the four phrases of the statute as
numbered one through four. Phrase one outlines, at minimum, conduct such
as possessing with no illegal use or intent to illegally use, an altered or
counterfeit immigration document. We conclude that such conduct is not a
crime involving moral turpitude. *Matter of Serna*, 20 I&N Dec. 579, 584
(BIA 1992) (holding that this offense is not a crime involving moral
turpitude). We therefore conclude the statute is overbroad, encompassing
some nonturpitudinous conduct, such that it is not categorically a crime
involving moral turpitude. *Obeya*, 884 F.3d at 447 n.4. Phrase four outlines
acts of fraud, containing the requisite mens rea and conduct which define
crimes involving moral turpitude. *See, e.g.*, *Lateef v. Dep't of Homeland Sec.*,
592 F.3d 926, 929 (8th Cir. 2010) ("Since intent to deceive for the purpose
of wrongfully obtaining a benefit is essential to a conviction [for identity
theft] the [Board's] interpretation of that crime as one involving moral
turpitude is reasonable."); *see also Jordan v. De George*, 341 U.S. 223, 228
(1951) ("[C]rimes involving fraud have universally been held to involve
moral turpitude."). Therefore, we next consider whether the statute is
divisible, such that the modified categorical approach can be employed.

## 2. The Statute is Divisible

Because 18 U.S.C. § 1546(a) contains four distinct phrases, we must
consider whether the statute lists multiple, alternative elements defining
different crimes, or whether the statute defines a single crime, with one set
of elements listing alternative factual means by which that set of elements is
satisfied. *Mathis*, 136 S. Ct. at 2249. If we determine the different phrases
within the statute contain different elements, we must proceed to the
modified categorical analysis. *Id.* at 2256. However, if the distinct phrases
are simply alternative means of committing a single crime, the statute is not
divisible, and the modified categorical approach cannot be used. *Id.*
We conclude each of the four alternative phrases of § 1546(a) contain
unique elements, which the Government must prove to establish a conviction.
*Compare United States v. Archer*, 671 F.3d 149, 154 (2d Cir. 2011) (setting

out the elements for the fourth phrase, which criminalizes "Visa fraud," as "(1) knowingly (2) presented (3) an application or 'document required by the immigration laws' (4) that contained a false statement (5) as to a material fact" (quoting 18 U.S.C. § 1546(a))), *with* Fed. Crim. Jury Instr. 7th Cir. 1546(a)[1] (2020 ed.) (outlining the elements for phrase one, which criminalizes the "Use, or Possession of Immigration Document Procured by Fraud," as (1) knowingly used, attempted to use, possessed, obtained, accepted, or received (2) a document prescribed by statute for entry into or as evidence of authorized stay or employment in the United States (3) which the defendant knew was forged, counterfeited, altered, or falsely made). *See generally* Model Crim. Jury Instr. 9th Cir. 8.132–8.134 (2021) (setting forth distinct elements for phrases one, two, and four of § 1546(a)).

As such, § 1546(a) falls neatly within the sorts of divisible statutes described by the Supreme Court in both *Mathis*, 136 S. Ct. at 2249 (stating that a divisible statute has "a more complicated . . . structure, . . . list[ing] elements in the alternative, and thereby defin[ing] multiple crimes"), and *Descamps*, 570 U.S. at 262–63 (explaining that a divisible statute "comprises multiple, alternative versions of the crime," or "refer[s] to several different crimes" (alteration in original) (citation omitted)).

We conclude that the four phrases of 18 U.S.C. § 1546(a) are alternative elements setting forth separate crimes, and therefore the statute is divisible. Although not binding in this case, which arises in the Second Circuit, we are further persuaded by the Seventh Circuit's decision finding that the Board correctly analyzed § 1546(a) using the modified categorical analysis. *See Marin-Rodriguez v. Holder*, 710 F.3d 734, 738 (7th Cir. 2013). Because the statute is divisible, we look to the record of conviction to identify the statutory provision the respondent was convicted of violating. *Mathis*, 136 S. Ct. at 2249.

### 3. The Respondent was Convicted under Phrase Four

The respondent was convicted of the count contained within his criminal indictment, which provides that he

> knowingly ma[de] under oath . . . [and] knowingly subscribe[d] as true, false statements with respect to material facts in applications, affidavits, and other documents required by the immigration laws and regulations prescribed thereunder, and knowingly presented such applications, affidavits and other documents required by the immigration laws and regulations prescribed thereunder, and knowingly presented such applications, affidavits, and other documents which contained such false statements and which failed to contain any reasonable basis in law and fact, to wit, [the respondent] and others prepared and submitted fraudulent applications in

support of H-1B visa applications, in violation of Title 18, United States Code, Section 1546(a).

The criminal indictment establishes that the respondent was convicted under phrase four of 18 U.S.C. § 1546(a). Since the respondent knowingly committed fraud undermining the immigration system, we conclude that his conviction involves moral turpitude. *See Matter of Kochlani*, 24 I&N Dec. 128, 130 (BIA 2007) (stating that "crimes that have a specific intent to defraud as an element have always been found to involve moral turpitude"). *See generally Flores-Molina v. Sessions*, 850 F.3d 1150, 1160–64 (10th Cir. 2017) (giving a general overview of the Board's precedential decisions on crimes involving moral turpitude involving fraud and deception).

The respondent pled guilty to knowingly preparing and submitting fraudulent visa applications. He prepared and submitted applications so that others would receive nonimmigrant visas for which they were ineligible. Such conduct is inherently dishonest and fraudulent. The respondent was convicted of phrase four, involving the use of fraudulent documents, and not mere possession of an altered document.

## 4. *Matter of Serna* Clarified

The respondent argues he is not inadmissible because the offense underlying his conviction (visa fraud under 18 U.S.C. § 1546(a)) is not categorically a crime involving moral turpitude, citing to our precedent decision in *Matter of Serna*, 20 I&N Dec. 579. In that case, we held that a conviction under 18 U.S.C. § 1546 is not categorically a crime involving moral turpitude, since it may include possession, without the use or intent to use, an altered document. However, in *Matter of Serna*, we analyzed the statute, as it existed in 1982, without considering the modified categorical analysis. That version of the statute, which is different from the version under which the respondent was convicted, read in relevant part:

> Whoever knowingly forges, counterfeits, alters or falsely makes any immigrant or nonimmigrant visa, permit, or other document required for entry into the United States, or utters, uses, attempts to use, possesses, obtains, accepts, or receives any such visa, permit, or document, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained . . . .
>     . . . .
> Shall be fined not more than $2,000 or imprisoned not more than five years, or both.

18 U.S.C. § 1546 (1982).

We find here, as we did in *Matter of Serna*, that possessing with no illegal use or intent to illegally use an altered or counterfeit immigration document is not morally turpitudinous. However, we find the version of the statute under which the respondent was convicted to be divisible, such that the modified categorical analysis must be employed to determine under which statutory phrase he was convicted.[5] We hold that a conviction for visa fraud under phrase four of 18 U.S.C. § 1546(a) is a conviction for a crime involving moral turpitude.[6] Consequently, we decline to disturb the Immigration Judge's conclusion that the respondent is inadmissible under section 212(a)(2)(A)(i)(I) of the Act.

## II. CANCELLATION OF REMOVAL

Having determined the respondent is removable, we now turn to the respondent's application for relief from removal. It is the respondent's burden to establish eligibility for relief from removal in all respects, including that he merits such relief in the exercise of discretion. Sections 240(c)(4)(A)(i), (ii) of the Act, 8 U.S.C. § 1229a(c)(4)(A)(i), (ii) (2018). In our de novo review of discretion, our consideration of the respondent's criminal activity is not limited by the categorical or modified analyses of the criminal statute. We may consider all record evidence, including but not limited to, records of convictions, police reports, and the respondent's testimony. *See Matter of Thomas*, 21 I&N Dec. 20, 23–24 (BIA 1995) (holding that for discretionary relief the evidence of unfavorable conduct may be considered).

The respondent argues his application for cancellation of removal should be granted.[7] Presuming the respondent credible, without deciding the issue, we would nonetheless deny his application for cancellation of removal as a matter of discretion. In exercising discretion under our de novo authority, we "must balance the adverse factors evidencing the alien's undesirability as

---

[5] We need not reach, and leave open the question whether the 1982 version of the statute was divisible.

[6] We need not address whether phrases one, two, and three may themselves be further divisible.

[7] The Immigration Judge concluded the respondent was ineligible for cancellation of removal because he had obtained his lawful permanent resident status through fraud, and therefore pretermitted the respondent's application under *Matter of Koloamatangi*, 23 I&N Dec. 548, 552 (BIA 2003). Despite the Immigration Judge's pretermission determination, he reviewed the claim in its entirety, alternatively denying the application as a matter of discretion. Since our decision rests on the alternative discretionary denial under section 240A(a) of the Act, we need not reach the issue of the respondent's possible fraudulent acquisition of status.

a permanent resident with the social and humane considerations presented in his [or her] behalf to determine whether the granting of . . . relief appears in the best interest of this country." *Matter of C-V-T-*, 22 I&N Dec. 7, 11 (BIA 1998) (alteration in original) (quoting *Matter of Marin*, 16 I&N Dec. 581, 584–85 (BIA 1978)) (holding that the general standards developed for the exercise of discretion under former section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994), are applicable to the exercise of discretion under section 240A(a) of the Act).

Favorable considerations include family ties within the United States, residence of long duration in this country (particularly when the inception of residence occurred at a young age), evidence of hardship to the respondent and his family if removal occurs, service in this country's armed forces, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of genuine rehabilitation if a criminal record exists, and other evidence attesting to a respondent's good character. *Id.* Adverse factors include the nature and underlying circumstances of the grounds of removal that are at issue, the presence of additional significant violations of this country's immigration laws, the existence of a criminal record and, if so, its nature, recency, and seriousness, and the presence of other evidence indicative of a respondent's bad character or undesirability as a permanent resident of this country. *Id.*

The Immigration Judge appropriately considered the respondent's significant positive factors, placing emphasis on his difficult family situation. We have considered the factors raised by the respondent on appeal, including: a lengthy residence in the United States, significant family ties in the United States, the hardship his family would suffer upon his removal, employment, contributions to the community, and the respondent's remorse for his criminal conduct. The respondent argues on appeal that the Immigration Judge did not consider his rehabilitation. We disagree. Though the Immigration Judge did not specifically employ the term "rehabilitation," the Immigration Judge's decision reflects consideration of the evidence presented, including the respondent's efforts to rehabilitate. Regardless, under our de novo authority to review discretionary findings, we have considered the respondent's rehabilitation argument. 8 C.F.R. § 1003.1(d)(3)(ii).

The Immigration Judge further considered the respondent's negative factors, namely, the events that led to his conviction of conspiracy to commit visa fraud. As noted by the Immigration Judge, the respondent conspired to commit fraud by submitting immigration documents that he knew were false and misleading. He also coached an individual on how to pass the consular interview. The respondent committed these acts over a period of several

years. The respondent's repeated efforts to knowingly violate immigration laws reflect a lack of contrition and accountability for misconduct that undermines the integrity of our nation's laws. The respondent's many equities and later attempts at rehabilitation do not overcome his ongoing fraudulent scheme. *See generally INS v. Yueh-Shaio Yang*, 519 U.S. 26, 32 (1996) ("It is assuredly rational, and therefore lawful, for [the Attorney General] to distinguish aliens such as the respondent who engage in a pattern of immigration fraud from aliens who commit a single, isolated act of misrepresentation.").

Upon consideration of the equities before us on de novo review, we agree with the Immigration Judge's conclusion that the weight to be attributed to the respondent's positive equities is undercut by his criminal record in this country. As such, we affirm the Immigration Judge's discretionary denial of the respondent's application for cancellation of removal under section 240A(a) of the Act. The appeal is dismissed.

**ORDER:** The respondent's appeal is dismissed.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by the DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $813 for each day the respondent is in violation. *See* section 274D of the Act, 8 U.S.C. § 1324d; 8 C.F.R. § 280.53(b)(14).