73 F.3d 369
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Mario Alberto MEDRANO-DOMINGUEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70367.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 14, 1995.*
Decided Dec. 21, 1995.
 
 Before: ALDISERT,** ALARCON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Mario Alberto Medrano-Dominguez ("Medrano-Dominguez") petitions for review of the Board of Immigration of Appeals' ("BIA") denial of his request to prosecute an appeal from the Immigration Judge's ("IJ") order of deportation without paying the requisite filing fee.
 
 
 3
 The INS argues that we do not have jurisdiction because the BIA's decision is not a final order. We do not reach that question; instead, we assume jurisdiction and proceed to the merits. See In re Grand Jury Subpoena Issued to Bailin, 51 F.3d 203, 206 (9th Cir.1995).
 
 
 4
 We review the BIA's denial of Medrano-Dominguez' request for a fee waiver for abuse of discretion. See Padilla-Augustin v. I.N.S., 21 F.3d 970, 973 (9th Cir.1994) (BIA's summary dismissal for failure to file a protective appeal is reviewed for abuse of discretion). We uphold the BIA's decision unless it is "arbitrary, irrational, or contrary to law." Id. We conclude that the record amply supports the BIA's finding that Medrano-Dominguez failed to demonstrate an inability to pay the filing fee.
 
 
 5
 The record reflects that Medrano-Dominguez posted a $1,500.00 bond shortly after he was apprehended. Additionally, Medrano-Dominguez does not dispute the BIA's finding that the attorney representing him is being compensated for his legal services. At the deportation hearing, which took place four days prior to the filing of the affidavit, Medrano-Dominguez testified that he was employed as a building manager. Medrano-Dominguez also testified that he was financially able to pay the airfare for his trip to a third country. The BIA's finding that Medrano-Dominguez had the ability to pay the filing fee is thus supported by rational inferences from the evidence in the record.
 
 
 6
 Medrano-Dominguez' petition for review is DENIED.
 
 
 7
 ALARCON, Circuit Judge, concurring.
 
 
 8
 I agree that the BIA did not abuse its discretion in denying petitioner's request to proceed with his timely appeal without paying the filing fee. I am persuaded that we have jurisdiction under the Collateral Order doctrine to review the BIA's procedural ruling, notwithstanding the fact that it has not yet ruled on the merits of the deportation order.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3