# Matter of Gilton BAIN, Respondent

*Decided by Board February 6, 2025*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Considering the recency and repeated nature of the respondent's criminal history and the lack of a showing of rehabilitation, we conclude, upon consideration of the totality of the record and a balancing of the factors present in this case, that he has not established that he warrants cancellation of removal as a matter of discretion.

FOR THE RESPONDENT: Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY: Ashley Waldrop, Assistant Chief Counsel

BEFORE: Board Panel: MULLANE, O'CONNOR, NAHAS, Appellate Immigration Judges.

MULLANE, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals the decision of the Immigration Judge, dated July 12, 2024, granting the respondent's application for cancellation of removal under section 240A(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(a) (2018), as a matter of discretion. The respondent, a citizen of the Bahamas, opposes the appeal. The appeal will be sustained, the Immigration Judge's grant of cancellation of removal will be vacated, and the respondent will be ordered removed to the Bahamas.

The respondent bears the burden of establishing his eligibility for relief from removal.[2] 8 C.F.R. § 1240.8(d) (2025). Even where a respondent has established statutory eligibility for relief, he also bears the burden to establish that he merits such relief as a matter of discretion. *See*

---

[1]  Pursuant to Order No. 6272-2025, dated May 23, 2025, the Attorney General designated the Board's decision in *Matter of Bain* (BIA February 6, 2025), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

[2]  The record shows that the respondent conceded removability and admitted the allegations in the notice to appear at a hearing on March 5, 2024.

*Matter of Arai*, 13 I&N Dec. 494, 495 (BIA 1970). As negative discretionary factors grow more serious, the respondent must show "offsetting favorable factors, which in some cases may have to involve unusual or outstanding equities." *Matter of C-V-T-*, 22 I&N Dec. 7, 11–12 (BIA 1998) (citing *Matter of Edwards*, 20 I&N Dec. 191, 195–96 (BIA 1990)). A respondent's criminal history can be a substantial adverse factor. *See Matter of C-A-S-D-*, 27 I&N Dec. 692, 699 (BIA 2019).

Although we review Immigration Judge's factual findings for clear error, the ultimate determination of whether the respondent merits a favorable exercise of discretion is a legal determination we review de novo. 8 C.F.R. § 1003.1(d)(3)(i), (ii) (2025). While the Immigration Judge's factual findings are not clearly erroneous, we disagree with the Immigration Judge's discretionary decision to grant the respondent's application for cancellation of removal as a matter of discretion.[3] *See Matter of Sotelo*, 23 I&N Dec. 201, 203 (BIA 2001) (discussing the balancing of positive and negative factors for a discretionary determination); *Matter of C-V-T-*, 22 I&N Dec. at 11 (same); *Matter of Marin*, 16 I&N Dec. 581, 585 (BIA 1978) (same). For the reasons set forth below, the respondent does not warrant cancellation of removal as a matter of discretion.

The Immigration Judge found that the respondent presented numerous equities in the United States. The 35-year-old respondent has resided in the United States since 1998 and as a lawful permanent resident since 2011. He has significant family ties, including multiple United States citizen family members residing in the United States. The respondent attended elementary, middle, and high school in the United States, but dropped out and was still working toward his GED. He previously worked as a carpenter with his uncle and worked odd jobs at McDonald's and at a car wash.

The respondent became homeless in 2018 or 2019 and would panhandle during periods of unemployment to help pay for his child support. The respondent only filed taxes once and was unemployed during parts of the COVID pandemic. While the respondent claims that he can live with his brother, the Immigration Judge noted the brother did not file a statement

---

[3] The respondent argues that Exh. 6 does not relate to him and that the interviewer making the gang affiliation determination found in that document was biased against him. While DHS admits that Exh. 6's last page references a woman with a similar prison identification number to that of the respondent, it notes that pages 1–21 of Exh. 6 refer to the respondent, including pictures of his face, body, and tattoos. DHS argues that the Immigration Judge further erred in not giving this evidence of the respondent's gang affiliation much weight. In light of the significant adverse factors presented on this record, we need not consider, and have not considered or relied on this document, in adjudicating this matter.

reflecting this. The respondent did not take any rehabilitative classes while incarcerated. The respondent did not present any other evidence of rehabilitative efforts and denied that he had taken any drug classes.

The Immigration Judge also noted several significant adverse factors, including the respondent's extensive criminal history, which ranges from 2013 to 2021 in Florida.[4] The respondent's first arrest was in 2013 for possession of the drug MDMA. The case was dismissed and the charge ultimately expunged after participation in a drug court program. In 2018, he was convicted for driving without a valid license. The record establishes that the respondent's drug-related criminal history included six counts of selling or delivering controlled substances. The information in his criminal case reflects that the respondent, on four separate occasions (November 1, 2019, November 12, 2019, January 10, 2020, and January 17, 2020) sold or delivered cocaine, fentanyl, and heroin.

Upon de novo review, we agree with DHS' appellate arguments and conclude that the respondent's equities are insufficient to outweigh his extensive criminal history. We recognize that the respondent expressed a desire to better himself and misses his family and children. However, the record does not support that the respondent has sufficiently demonstrated rehabilitation, particularly in light of his past drug-related criminal activity. *See Matter of C-V-T-*, 22 I&N Dec. at 12 ("[A] respondent who has a criminal record will ordinarily be required to present evidence of rehabilitation before relief is granted as a matter of discretion.").

We recognize that the respondent's removal may result in a significant level of hardship to himself and his family. The equities and the humanitarian factors present in this case are not insignificant. The respondent's criminal record is, however, recent, serious, and recidivist.

---

[4] Insofar as the respondent alleges the drugs underlying his convictions were not tested, a conviction remains valid for immigration purposes unless and until the conviction is vacated or otherwise overturned by the criminal court. *See Matter of Adetiba*, 20 I&N Dec. 506, 508 (BIA 1992) (holding that once a conviction is final, it remains final unless it is overturned); *Matter of Roberts*, 20 I&N Dec. 294, 301 (BIA 1991) ("While inquiry may be had into the circumstances surrounding the commission of the crime in order to determine whether a favorable exercise of discretion is warranted, it is impermissible to go behind a record of conviction to reassess the alien's ultimate guilt or innocence."); *see also Matter of Ponce De Leon*, 21 I&N Dec. 154 (A.G. 1997; BIA 1997, 1996). Here, the respondent has not shown that the convictions have been vacated and are no longer viable for immigration purposes. *See generally Matter of Pickering*, 23 I&N Dec. 621, 624 (BIA 2003) (discussing the circumstances under which a vacated conviction is no longer a conviction for immigration purposes), *rev'd Pickering v. Gonzales*, 465 F.3d 263 (6th Cir. 2006).

Considering the recency and repeated nature of his criminal history and the lack of a showing of rehabilitation, we conclude, upon consideration of the totality of the record and a balancing of factors present in this case, that he has not established that he warrants cancellation of removal as a matter of discretion. As such, upon de novo review, we disagree with the Immigration Judge's favorable exercise of discretion in this case and reverse the Immigration Judge's grant of cancellation of removal. Accordingly, the following orders will be entered.

**ORDER:** The appeal filed by the Department of Homeland Security is sustained.

**FURTHER ORDER:** The Immigration Judge's July 12, 2024, decision granting the respondent's application for cancellation of removal is vacated.

**FURTHER ORDER:** The respondent is ordered removed from the United States to the Bahamas.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by the Department of Homeland Security, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2018); 8 C.F.R. § 280.53(b)(14) (2025).