# Matter of Luis Angel GARCIA MARTINEZ, Respondent

*Decided August 8, 2025*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  A non-detained alien who is represented by private counsel is presumed to have the ability to pay any requisite filing fee before the Immigration Judge and the Board.

(2)  A fee waiver request from a non-detained adult alien that contains zeros in all income blocks is presumptively invalid.

FOR THE RESPONDENT:  Mario Acosta, Jr., Esquire, Santa Fe Springs, California

BEFORE:  Board Panel:  MALPHRUS, Chief Appellate Immigration Judge; BAIRD and MAHTABFAR, Appellate Immigration Judges.

BAIRD, Appellate Immigration Judge:

On October 5, 2023, the respondent, through counsel, filed an untimely motion to reconsider and reopen accompanied by a Fee Waiver Request (Form EOIR-26A).  Because we conclude that the respondent has not satisfied his burden of showing that he is unable to pay the filing fee, the motion will be rejected as improperly filed.

The respondent, a native and citizen of Mexico, was served with a Notice to Appear on February 26, 2018, charging him with removability pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i) (2018).  After hiring a private attorney in October 2018, the respondent filed an application for cancellation of removal under section 240A(b) of the INA, 8 U.S.C. § 1229b(b) (2018).  An Immigration Judge denied the respondent's application and ordered him removed to Mexico.  The respondent filed a timely appeal, which the Board dismissed on June 3, 2019.  On March 8, 2022, the respondent filed an untimely motion to reopen based, in part, on a new qualifying relative and the approval of a visa petition filed on his behalf by his United States citizen spouse.  The Board denied the motion on August 25, 2023.

The respondent subsequently filed the present motion to reconsider that decision.  Accompanying the motion, the respondent submitted a Form EOIR-26A, seeking a waiver of the fee associated with the filing of his

current motion. The respondent claims in his Form EOIR-26A that he has zero income from employment, real property, interest, or any other sources, and zero expenses, including for housing, utilities, living expenses, outstanding debts, medical expenses, taxes, and attorney fees. The respondent does not claim any exception to the filing fee requirement.

Filing fees are often required in Federal and State court systems to defray the cost of litigation and to deter frivolous petitions. *See, e.g.*, *In re Anderson*, 511 U.S. 364, 365–66 (1994) (noting that "filing fees and attorney's fees . . . deter . . . litigants from filing frivolous petitions" (citation omitted)); *Williams v. Roberts*, 116 F.3d 1126, 1127 (5th Cir. 1997) (holding that filing fees are "assessed for the privilege of initiating an appeal"). Section 286(m) of the INA, 8 U.S.C. § 1356(m) (2018), authorizes the Attorney General to set fees by regulation in immigration proceedings for adjudication services ''at a level that will ensure recovery of the full costs of providing all such services.'' The Executive Office for Immigration Review codified fees and related regulations as authorized by section 286(m) of the INA, 8 U.S.C. § 1356(m), in 8 C.F.R. §§ 1003.8, 1003.24, and 1103.7 (2025). *See* Executive Office for Immigration Review; Definitions; Fees; Powers and Authority of DHS Officers and Employees in Removal Proceedings, 69 Fed. Reg. 44903, 44906–07 (July 28, 2004).[1]

The regulations provide that the Board may grant a waiver of the filing fee in cases where the respondent has shown that he or she does not have the means to pay the requisite filing fee. *See* 8 C.F.R. § 1003.8(a)(1), (3). Fee waivers must be requested through the filing of a Form EOIR-26A, which includes a declaration to be signed under penalty of perjury substantiating the respondent's inability to pay the fee.[2] 8 C.F.R. § 1003.8(a)(3). Fee waivers are the exception and should not be granted as a matter of routine. *See generally Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 259 (7th Cir. 1987) (recognizing that filing fees serve an important purpose within the judicial system).

An alien has a duty to complete official government forms, including fee waiver requests, accurately. *See Matter of A.J. Valdez and Z. Valdez*, 27 I&N

---

[1] Subsequent to the filing of the motion in this case, the One Big Beautiful Bill Act, Pub. L. No. 119-21, tit. X, subtit. A, pt. 1, 139 Stat. 72, was enacted into law. Any fees imposed or increased by this Act are beyond the scope of this decision.

[2] The Form EOIR-26A also requires an attestation from retained counsel indicating that counsel has reviewed the information contained in the fee waiver request and is satisfied that the request is made in good faith.

Dec. 496, 500 (BIA 2018) ("[I]t is reasonable to expect that aliens will take steps to ascertain the accuracy of documents they sign . . . ."); *see also Matter of Gomez-Beltran*, 26 I&N Dec. 765, 768 (BIA 2016) ("Truthful testimony and disclosures are critical to the effective operation of the immigration court system."), *aff'd*, 792 F. App'x 498 (9th Cir. 2020). The submission of fraudulent forms can have negative discretionary implications. *See Matter of Gonzalez Jimenez*, 29 I&N Dec. 129, 131–32 (BIA 2025).

After declaring under penalty of perjury that the information contained in his Form EOIR-26A was true and correct to the best of his knowledge, the respondent stated that he had zero income from any sources and zero expenses. The respondent's attorney attested that the fee waiver request was made in good faith. No additional information or documentation was provided explaining how the respondent—who is not detained—could provide basic necessities for himself, including food and clothing, and pay for the services of an attorney for many years, despite claiming to have no income.

A respondent's ability to pay the legal fees of an attorney to represent him or her in removal proceedings is evidence that the respondent can afford to pay the fees associated with litigation. *See generally In re Nuttall*, 334 B.R. 921, 925 (Bankr. W.D. Mo. 2005) (recognizing in a bankruptcy case that a party "who can afford to pay his attorney may very well be able to pay the filing fee as well"). In *Medrano-Dominguez v. INS*, 73 F.3d 369 (9th Cir. 1995) (table), the United States Court of Appeals for the Ninth Circuit upheld, in an unpublished decision, the Board's determination that the respondent failed to demonstrate an inability to pay the filing fee for his appeal based in part on his payment of legal fees to his attorney and his prior testimony of employment. A non-detained alien who is represented by private counsel is presumed to have the ability to pay any requisite filing fee before the Immigration Judge and the Board. To warrant a fee waiver, an alien will need to explain how he or she is able to pay legal fees but cannot pay a filing fee.

We further conclude that a fee waiver request from a non-detained adult alien that contains zeros in all income blocks is presumptively invalid. A Form EOIR-26A with all zeros from an adult respondent, particularly if the respondent is not pro se and detained, should be rejected when it is not accompanied by evidence to explain why the respondent has no income or otherwise cannot pay the applicable fees. The Fifth Circuit has previously held in an unpublished decision that an alien seeking a fee waiver must disclose sufficient details so that the Board may properly assess the claim of

poverty. *See Popoola v. INS*, 995 F.2d 222 (5th Cir. 1993) (unpublished) (affirming the Board's rejection of a request for a fee waiver and agreeing that the alien's conclusory statement that he did not have the money to pay the appeal fee was insufficient).

The respondent has not met his burden to show that he is unable to pay the filing fee for his motion. The respondent has been in the United States for over 24 years, has sought and continues to seek discretionary relief based in part on the support he provides to his United States citizen spouse and two United States citizen children, and has retained private counsel to represent him before the Immigration Judge and the Board since 2018. Despite this, he averred under oath that he has no income and no expenses without providing any supporting documentation or otherwise explaining how he supports himself and his family and how he has been paying his attorneys for the last several years.

Based on the foregoing, the respondent's fee waiver request is denied. As the respondent has neither paid the requisite filing fee nor demonstrated that he is unable to pay that fee, we deem the respondent's motion to reconsider improperly filed. As provided by regulation, the respondent will be permitted a period of 15 days to refile his motion with the appropriate filing fee or a new fee waiver request that is accompanied by supporting documentation. *See* 8 C.F.R. § 1003.8(a)(3).

**ORDER:** The respondent's motion to reconsider is rejected as improperly filed.

**FURTHER ORDER:** The respondent is permitted 15 days to refile his motion with the appropriate filing fee or a new fee waiver request.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by the Department of Homeland Security, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2018); 8 C.F.R. § 280.53(b)(14) (2025).