# Matter of Jose Antonio LEMA MIZHIRUMBAY, Respondent

*Decided by Board October 28, 2025[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The respondent's repeated violations of workplace safety regulations, resulting in the death of two employees, are significant adverse factors and weigh against a favorable exercise of discretion for purposes of cancellation of removal.

FOR THE RESPONDENT: Yok-Seung Chiu, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Pablo Forray, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, Chief Appellate Immigration Judge; VOLKERT, Appellate Immigration Judge; MCCLOSKEY, Temporary Appellate Immigration Judge.

VOLKERT, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals the Immigration Judge's May 13, 2025, decision granting the respondent's application for cancellation of removal for certain nonpermanent residents under section 240A(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b)(1) (2024). The respondent, a native and citizen of Ecuador, opposes the appeal. We will sustain DHS' appeal, vacate the Immigration Judge's grant of cancellation of removal, and order the respondent removed to Ecuador.

DHS challenges the Immigration Judge's determination that the respondent established that his United States citizen children would experience exceptional and extremely unusual hardship upon his removal. DHS also argues the Immigration Judge erred in determining that the respondent merited a favorable exercise of discretion and by not addressing the issue of good moral character.

---

[1] Pursuant to Order No. 6524-2025, dated December 8, 2025, the Attorney General designated the Board's decision in *Matter of Lema Mizhirumbay* (BIA Oct. 28, 2025), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

Upon our de novo review, we agree with DHS that the respondent does not warrant a grant of cancellation of removal as a matter of discretion. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2025). Cancellation of removal is a discretionary form of relief. INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1); *see also Matter of Gonzalez Jimenez*, 29 I&N Dec. 129, 130 (BIA 2025). "In exercising discretion, we 'must balance the adverse factors evidencing the alien's undesirability as a permanent resident with the social and humane considerations presented in his (or her) behalf to determine whether the granting of . . . relief appears in the best interest of this country.'" *Matter of Gonzalez Jimenez*, 29 I&N Dec. at 130 (quoting *Matter of C-V-T-*, 22 I&N Dec. 7, 11 (BIA 1998)). Relevant factors "include family ties within the United States, length of residence in this country, evidence of hardship to the respondent's family if deportation occurs, military service, history of employment, property or business ties, service to the community, and, where a criminal record exists, proof of rehabilitation." *Id*. "Where adverse factors are present, the respondent should present offsetting favorable evidence, which may require unusual or even outstanding equities, to outweigh the negative factors." *Id*.

Like the Immigration Judge, we acknowledge the respondent's equities. He has been in the United States for many years and has significant family ties to the country as the father of five United States citizen children. He is also active in his church community and serves as his church's music director. We also recognize that the respondent's removal will result in hardship to the respondent and his family.

However, these equities are insufficient to outweigh significant adverse factors, including the respondent's recent criminal conviction after a prolonged refusal to address or accept responsibility for worksite safety that resulted in the death of two individuals. The Immigration Judge found that the respondent's violation of regulations from the Occupational Safety and Health Administration ("OSHA") "contributed to the deaths of two individuals who were working on roofs for his company." The Immigration Judge found that OSHA investigated the respondent "on numerous occasions" and noticed violations regarding safety equipment the respondent was required to provide his workers on roofs. In 2019, one of the respondent's workers fell to his death from a roof when a safety harness was not properly tethered to the structure. Following the incident, OSHA investigated the respondent, found him to be in violation, and fined him approximately $10,000. The Immigration Judge found that the respondent "willfully failed to pay" this fine until after his later arrest. The respondent was cited for several additional safety violations after this incident. In 2022, another employee fell to his death from a roof. The respondent received more

citations for violations related to this death. Further, in 2024, the respondent was convicted of the criminal offense of willful violation of OSHA regulations causing death to employee under 29 U.S.C. § 666(e) (2024) and sentenced to 4 months of incarceration. The Immigration Judge found that "the respondent was aware of the dangers posed to his roofing crew by his failure to comply with directives by public officials to provide safety equipment."

We discern no clear error with these findings, and we agree with the Immigration Judge that the violations of OSHA regulations under these circumstances are "a serious adverse discretionary factor." However, we disagree that they are outweighed by the respondent's equities. These facts illustrate that the respondent's repeated disregard of policies designed to keep his employees safe contributed to the death of one employee in 2019 and that he continued to amass violations and fines for failure to provide necessary safety equipment to his employees. The respondent's willful failure to initially pay his fines exhibits a failure to accept the consequences of his actions. He eventually made payments towards satisfying his past due fines only when his inaction to provide required safety equipment contributed to another employee's death in 2022, and he was charged criminally. The fact that the respondent was convicted of a crime related to the willful violation of OSHA regulations further demonstrates the seriousness of his conduct, as conviction necessarily requires a culpable mental state. *See* 29 U.S.C. § 666(e).

Ultimately, the respondent's serious and repeated blatant disregard for the safety of his employees that culminated in a recent criminal conviction is a major factor weighing against a favorable exercise in discretion. *See Matter of Castillo-Perez*, 27 I&N Dec. 664, 671 (A.G. 2019) (explaining that "[a]n alien's criminal record—including its 'nature, recency, and seriousness'—is a key factor" in assessing discretion (quoting *Matter of C-V-T-*, 22 I&N Dec. at 11)). The respondent's equities are not the type of "unusual or even outstanding equities" that would outweigh such significant adverse factors. *Matter of Gonzalez Jimenez*, 29 I&N Dec. at 130. Weighing all factors, the respondent has not shown that a favorable exercise of discretion would "be in the best interests of the United States." *Id*. at 134. We therefore disagree with the Immigration Judge's favorable exercise of discretion and reverse the Immigration Judge's grant of cancellation of removal.[2]

---

[2] Because the respondent is not eligible for cancellation of removal as a matter of discretion, it is not necessary to address the issues of exceptional and extremely unusual hardship or good moral character. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976)

**ORDER:**  DHS' appeal is sustained.

**FURTHER ORDER:**   The Immigration Judge's May 13, 2025, decision granting the respondent's application for cancellation of removal is vacated.

**FURTHER ORDER:**  The respondent is ordered removed from the United States to Ecuador.

**NOTICE:**  If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation.  *See* INA § 274D, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2025).

---

(explaining that as a general rule, "courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach").