# Matter of Gontrand Raphael GERMAIN, Respondent

*Decided by Board April 6, 2026[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The respondent's criminal history, including charges that did not result in a conviction, and his reluctance to accept responsibility for his criminal acts, outweigh the favorable factors relevant to the exercise of discretion for cancellation of removal.

FOR THE RESPONDENT: Anthony Drago, Jr., Esquire, Boston, Massachusetts

FOR THE DEPARTMENT OF HOMELAND SECURITY: Christy M. DiOrio, Assistant Chief Counsel

BEFORE: Board Panel: GOODWIN and VOLKERT, Appellate Immigration Judges; MCCLOSKEY, Temporary Appellate Immigration Judge.

MCCLOSKEY, Temporary Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from an Immigration Judge's December 7, 2018, discretionary grant of cancellation of removal under section 240A(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(a) (2018). The respondent, a lawful permanent resident who is a native and citizen of Haiti, opposes the appeal. The appeal will be sustained.[2]

Upon our de novo review of the record, we conclude that the adverse factors, particularly the respondent's criminal history, outweigh the positive factors in the respondent's case. *See Matter of Bain*, 29 I&N Dec. 72, 73 (BIA 2025) ("A respondent's criminal history can be a substantial adverse factor."); *Matter of C-V-T-*, 22 I&N Dec. 7, 11 (BIA 1998) (discussing the factors to be weighed in determining whether the granting of relief "appears

---

[1] Pursuant to Order No. 6871-2026, dated May 26, 2026, the Acting Attorney General designated the Board's decision in *Matter of Germain* (BIA Apr. 6, 2026), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2026). Editorial changes have been made consistent with the designation of the case as a precedent.

[2] The Board already accepted DHS' appeal, and we are not persuaded to dismiss the appeal as untimely as the respondent requests.

in the best interest of this country" (quoting *Matter of Marin*, 16 I&N Dec. 581, 584–85 (BIA 1978))).

We acknowledge the respondent has significant equities, including close family ties in the United States. His immediate and extended family are either United States citizens (including his son) or lawful permanent residents. The respondent has resided in the United States since 1986 and has been a lawful permanent resident since 1997. He also contributed to the community by volunteering to coach his son's sports teams.

Against these positive factors we weigh the respondent's criminal history, which includes two assault and battery convictions[3] in 2003 and 2007 and three firearms-related convictions (arising from the same incident) in 2008 for which he served 18 months' imprisonment. The respondent also was charged in 2000 for leaving the scene of an accident involving property damage, was charged twice for driving an unlicensed taxi in 2013 and 2014, and received a summons for threatening to commit a crime stemming from a 2014 interaction with a hotel manager.

We agree with DHS that the Immigration Judge did not give sufficient weight to the entirety of the respondent's criminal history. Although the 2013 and 2014 unlicensed taxi charges were dismissed, and the 2014 threatening to commit a crime summons did not result in a conviction, the underlying conduct may be considered in the discretionary analysis. *Arias-Minaya v. Holder*, 779 F.3d 49, 54 (1st Cir. 2015) (recognizing the probative value of an arrest and its underlying circumstances in determining an alien's suitability for discretionary relief); *Matter of Thomas*, 21 I&N Dec. 20, 23–24 (BIA 1995) (explaining that evidence of criminal activity that has not resulted in a final conviction is relevant to the exercise of discretion). By disregarding unfavorable conduct that did not result in conviction, the Immigration Judge overlooked evidence that the respondent repeatedly disregarded the laws of the United States, including after his release from imprisonment.

Further, the record does not reflect the respondent's remorse or acceptance of responsibility for the crimes for which he was convicted. The respondent downplayed his assault and battery offenses but did not provide copies of the police report narratives to confirm his version of events. He denied making a threat to the hotel manager in 2014 and denied causing any

---

[3] The disposition in both cases was continued without a finding, which constitutes a conviction for immigration purposes. INA § 101(a)(48)(A), 8 U.S.C. § 1101(a)(48)(A) (2024).

property damage when he fled the scene of an accident in 2000, which is counter to the police reports in the record. Although the Immigration Judge relied on the respondent's testimony that his imprisonment was a disappointment and a struggle for his family, that testimony is not a reflection of remorse or acceptance of responsibility. The respondent's argument that his lack of convictions since 2009 establishes his rehabilitation ignores the unfavorable conduct that occurred after his release from imprisonment.

Hence, when we weigh the positive factors against the adverse factors of the respondent's criminal history and his reluctance to accept responsibility for his criminal acts, we conclude that a favorable exercise of discretion would not be in the best interest of the United States in this instance. The respondent did not establish that he merits relief as a matter of discretion. INA § 240(c)(4)(A)(ii), 8 U.S.C. § 1229a(c)(4)(A)(ii) (2024); 8 C.F.R. § 1240.8(d) (2026).

Accordingly, the following orders will be entered.

**ORDER:** DHS' appeal is sustained, and the Immigration Judge's December 7, 2018, grant of cancellation of removal under section 240A(a) of the Immigration and Nationality Act is vacated.

**FURTHER ORDER:** The respondent is ordered removed from the United States to Haiti.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* section 274D of the INA, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2026). Further, any respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both. *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).